UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        **Plaintiff,**<br><br>        v.<br><br>PLATINUM MANAGEMENT (NY) LLC;<br>PLATINUM CREDIT MANAGEMENT, L.P. ;<br>MARK NORDLICHT;<br>DAVID LEVY;<br>DANIEL SMALL;<br>URI LANDESMAN;<br>JOSEPH MANN;<br>JOSEPH SANFILIPPO; and<br>JEFFREY SHULSE;<br><br>        **Defendants.** | Civil Case No.<br><br>16-cv- |

## [PROPOSED] ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, ORDER APPOINTING RECEIVER, AND GRANTING OTHER RELIEF

On the Application of Plaintiff Securities and Exchange Commission ("Plaintiff Commission") for an Order:

(1)    directing defendants Platinum Credit Management, L.P. ("Platinum Credit"), and Mark Nordlicht ("Nordlicht") to show cause why an order should not be entered, pending a final disposition of this action:

    (a)    appointing a receiver (the "Receiver") over the following "Receivership Entities" owned and/or controlled, directly or indirectly, by Nordlicht: (i) Platinum Credit and the United States-incorporated master and feeder funds it advises, Platinum Partners Credit Opportunities Master Fund LP; Platinum Partners Credit

        Opportunities Fund (TE) LLC; Platinum Partners Credit Opportunities Fund LLC; and Platinum Partners Credit Opportunity Fund (BL) LLC. (collectively, "PPCO"), and (ii) Platinum Liquid Opportunity Management (NY) LLC ("PPLO") and its United States-incorporated feeder fund Platinum Partners Liquid Opportunity Fund (USA) L.P.

(b)   enjoining Platinum Credit from violating and aiding and abetting violations of Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8; Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q]; Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

(c)   enjoining the filing of any bankruptcy, foreclosure, receivership or other actions by or against the Receiver or the Receivership Entities;

(d)   granting expedited discovery; and

(e)   prohibiting the destruction, alteration or concealment of documents by Platinum Credit.

(2)   pending adjudication of the foregoing, an Order:

    (a)   appointing a Receiver over the Receivership Entities;

    (b)   temporarily restraining Platinum Credit from violating the aforementioned statutes and rules;

    (c)   enjoining the filing of any bankruptcy, foreclosure, receivership, or other actions against the Receiver, and the Receivership Entities without prior Court approval;

    (d)    providing that the parties may take expedited discovery in preparation for a preliminary injunction hearing on this Order to Show Cause; and

    (e)    prohibiting Platinum Credit from destroying, altering or concealing documents.

The Court has considered (1) the Complaint filed by Plaintiff Commission on December 19, 2016; (2) the Document Declaration of Jess A. Velona, Esq., executed on December 19, 2016 and the exhibits thereto; (4) the Declaration of Neal Jacobson, Esq. pursuant to Local Rule 6.1(d), executed on December 19, 2016; and (7) the memorandum of law in support of Plaintiff Commission's emergency application for an order to show cause, temporary restraining order, preliminary injunction, appointment of a receiver, and other relief, dated December 19, 2016.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 209(d) of the Advisers Act, Section 20(b) of the Securities Act, and Section 20(d) of the Exchange Act has been made for the relief granted herein, for the following reasons:

    1.    It appears from the evidence presented that Platinum Credit has violated and, unless temporarily restrained, will continue to violate, Sections 206(1), 206(2) and 206(4) of the Advisers Act and Rule 206(4)-8 thereunder; Section 17(a) of the Securities Act; Section 10(b) of Exchange Act and Rule 10b-5 thereunder, as charged in the Complaint.

    2.    It appears that the appointment of a Receiver over the Receivership Entities is necessary to: (i) preserve the status quo, (ii) ascertain the extent of commingling of funds among the Receivership Entities; (iii) ascertain the true financial condition of the Receivership Entities and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of the Receivership Entities; (v) prevent the encumbrance or disposal of property or assets of the Receivership Entities; (vi) preserve the books, records and documents of the Receivership Entities; (vii) be available to respond to investor inquiries; (viii) protect investors' assets; (ix)

conduct an orderly wind down including a responsible liquidation of assets and orderly and fair distribution of those assets to investors; and (x) determine whether one or more of the Receivership Entities should undertake bankruptcy filings.

3. It appears that an order enjoining the defendants, the Receivership Entities, and each of their creditors, principals, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order from filing a voluntary or involuntary petition in bankruptcy on behalf of or against the Receivership Entities without first seeking leave from this Court, with at least five (5) days' notice to Plaintiff Commission is necessary to protect this Court's jurisdiction over the subject matter of this action.

4. It appears that Platinum Credit may attempt to destroy, alter or conceal documents, and that an order preventing the destruction, alteration or concealment of documents is necessary.

7. Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

8. This Court has jurisdiction over the subject matter of this action and over the parties, and venue properly lies in this District.

**NOW, THEREFORE**,

**I.**

**IT IS HEREBY ORDERED** that Platinum Credit and Nordlicht show cause, if there be any, to this Court at _____ __.m. on the _____ day of _____ 2016/2017, in Room _____ of the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, why this Court should not enter an Order pursuant to Rule 65 of the

4

Federal Rules of Civil Procedure and Section 209(d) of the Advisers Act, Section 20(b) of the Securities Act, and Section 20(d) of the Exchange Act preliminarily enjoining Platinum Credit from violating and aiding and abetting violations of Sections 206(1), 206(2) and 206(4) of the Advisers Act, 15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8; Section 17(a) of the Securities Act [15 U.S.C. § 77q]; Section 10(b) of the Exchange Act [15 U.S.C. § 78j] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

## II.

**IT IS FURTHER ORDERED** that Platinum Credit and Nordlicht show cause at that time why this Court should not also enter an Order appointing or continuing the appointment of a Receiver over the Receivership Entities, to (i) preserve the status quo; (ii) ascertain the extent of commingling of funds among the Receivership Entities; (iii) ascertain the true financial condition of the Receivership Entities and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of the Receivership Entities; (v) prevent the encumbrance or disposal of property or assets of the Receivership Entities and the investors; (vi) preserve the books, records and documents of the Receivership Entities;  (vii) be available to respond to investor inquiries; (viii) protect the assets of the Receivership Entities; and (ix) determine whether one or more of the Receivership Entities should undertake bankruptcy filings.

## III.

**IT IS FURTHER ORDERED** that Platinum Credit show cause at that time why this Court should not also enter an Order enjoining and restraining it, and any person or entity acting at its direction or on its behalf, or any other person, from destroying, altering, concealing or otherwise interfering with the access of Plaintiff Commission and the Receiver to any and all documents, books and records, that are in the possession, custody or control of Platinum Credit,

and each of their officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to Platinum Credit and the Receivership Entities.

## IV.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Platinum Credit is temporarily restrained from violating, directly or indirectly, Sections 206(1), 206(2), 206(4), of the Advisers Act, 15 U.S.C. §§ 80b-6(1), (2), and (4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8, by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client;

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(c) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative, including (1) making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or (2) otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Platinum Credit's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Platinum Credit or with anyone described in (a).

V.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Platinum Credit is temporarily restrained from violating, directly or indirectly Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Platinum Credit's officers, agents, servants, employees, and attorneys; and (b) other persons in active

concert or participation with Platinum Credit or with anyone described in (a).

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Platinum Credit is temporarily restrained from violating, directly or indirectly Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Platinum Credit's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Platinum Credit or with anyone described in (a).

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Plaintiff Commission's Application for a Preliminary Injunction, Platinum Credit, any person or entity

8

acting at its direction or on its behalf, and any other third party, be and hereby are (1) enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of Plaintiff Commission and the Receiver to any and all documents, books, and records that are in the possession, custody or control of Platinum Credit, and each of its respective officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to Platinum Credit's and the Receivership Entities' finances or business operations, or the offer, purchase or sale of securities and the use of proceeds therefrom; and (2) ordered to provide all reasonable cooperation to the Receiver in carrying out his duties set forth herein.

## VIII.

**IT IS FURTHER ORDERED** that _____, pending further order of this Court, be and hereby is appointed to act as Receiver over the Receivership Entities subject to all of the terms and conditions set forth in the Order Appointing Receiver.

## IX.

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or claimant against any of the defendants or Receivership Entities, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets, including, but not limited to the filing of any lawsuits, liens or encumbrances or bankruptcy cases to impact the property and assets subject to this Order and the Order Appointing Receiver except that, nothing herein shall apply to or have any effect upon Cause No: FSD 118/2016 (NAS) and Cause No: FSD 131 of 2016 (AJJ) pending before the

Grand Court of the Cayman Islands or the bankruptcy cases *In re Platinum Partners Value Arbitrage Fund L.P.*, 16-12925 (Bankr. S.D.N.Y.) and *In re Platinum Partners Value Arbitrage Fund International Ltd.,* 16-12934 (Bankr. S.D.N.Y.).

## X.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), the parties and the Receiver may:

(1) Take depositions, subject to two (2) calendar days' notice by facsimile or otherwise;

(2) Obtain the production of documents, within three (3) calendar days from service by facsimile or otherwise of a request or subpoena from any persons or entities, including non-party witnesses; and

(3) Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, or first-class mail on an individual, entity or the individual's or entity's attorney; and

(4) The Receiver may take discovery in this action without further order of the Court.

## XI.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Plaintiff Commission's Application be served upon Platinum Credit and Nordlicht on or before _____, _____ 2016, by personal delivery, facsimile, email, overnight courier, or first-class mail.

## XII.

**IT IS FURTHER ORDERED** that Platinum Credit and Nordlicht shall deliver any

10

opposing papers in response to the Order to Show Cause above no later than _____,

_____ 2016, at _____ a.m/p.m.  Service shall be made by delivering the papers, by hand delivery, facsimile transmission to (212) 336-1324, email at SallahD@sec.gov, or overnight courier service on the Commission's counsel, Danielle Sallah, Esq., Securities and Exchange Commission, Brookfield Place, 200 Vesey Street, Suite 400, New York, NY 10281, or such other place as counsel for the Plaintiff Commission may direct in writing.  The Plaintiff Commission shall have until _____, _____ 2016/2017, at _____a.m./p.m. to serve, by the most expeditious means available, any reply papers upon Platinum Credit and Nordlicht, or upon their counsel, if counsel shall have made an appearance in this action.

## XIII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Platinum Credit and Nordlicht and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

**SO ORDERED:**

Dated: Brooklyn, NY
        December    , 2016

_____
United States District Judge