

WILLIAM R. JENKINS, JR.
(817) 334-7214
(817) 870-5114 - *fax*
wjenkins@jw.com

June 6, 2017

*Via Electronic Filing:*
The Honorable Dora L. Irizarry
Chief Judge, United States District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: Civil Case No. 16-cv-6848(DLI)(VMS); *SEC v. Platinum Management (NY) LLC, et al.*

Dear Chief Judge Irizarry:

  I represent Heartland Bank, one of the secured creditors of Platinum Partners Credit Opportunities Master Fund, L.P. ("PPCO"). Earlier today I filed a Motion for Admission Pro Hac Vice and related documentation. While Heartland Bank has been monitoring this Civil Case, recent events have lead Heartland Bank to the conclusion that it needs to take a more active role in the receivership in order to ensure its interests are adequately protected.

  On April 28, 2017, Bart M Schwartz (the "Receiver") filed The Receiver's First Quarterly Status Report for the Period December 19, 2016 through March 31, 2017 (the "First Quarterly Report"). Heartland Bank obtained and reviewed a copy of the First Quarterly Report in order to determine whether its interests were being adequately protected. However, since the First Quarterly Report was heavily redacted, Heartland Bank was unable to make that determination and was unable to determine its position relative to other creditors of the entities governed by the Court's receivership order. This information appears to be contained on page 34 of the First Quarterly Report. Heartland Bank contacted the Receiver to obtain a clean copy of the First Quarterly Report and signed a confidentiality agreement, but the "slightly redacted" First Quarterly Report that Heartland Bank received did not disclose the information on page 34. We contacted the General Counsel for Platinum Partners after receipt of the "slightly redacted" First Quarterly Report, and he was unwilling to provide any additional information regarding Heartland Bank's standing *vis a vis* other creditors of the Platinum entities.

  In addition, Heartland Bank has reviewed the May 19, 2017 joint letter to the Court from the Receiver and the SEC that discloses that there is a disagreement between the Receiver and the SEC regarding the proper manner in which to liquidate the assets of the Platinum entities and their request for a conference with the Court regarding this matter. Understandably, this news is concerning to Heartland Bank because it wants to ensure, to the greatest extent possible, that it receives full recovery on its secured claims. Heartland Bank believes that the secured creditors

Chief Judge Dora L. Irizarry
United States District Court
June 6, 2017
Page 2

---

should be able to review pertinent information regarding the various liquidation options being presented to the Court by the SEC and the Receiver and make its opinion known to the Court.

Accordingly, Heartland Bank requests the Court allow it to participate in any conferences with the Court and also requests that it be granted access to any other information regarding the liquidation options and Heartland's position relative to other secured creditors so that it can be fully informed. There is no risk to the Platinum entities by disclosing this information to Heartland Bank because it is not a competitor and it has signed a confidentiality agreement.

Very truly yours,

William R. Jenkins, Jr.

WRJ/ncb
Enclosures

18472960v.1