Adam Grace
Neal Jacobson
Kevin P. McGrath
Attorneys for the Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, New York 10281-1022
(212) 336-0178 (Wadhwa)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PLATINUM MANAGEMENT (NY) LLC, d/b/a PLATINUM PARTNERS;<br>PLATINUM CREDIT MANAGEMENT, L.P. ;<br>MARK NORDLICHT;<br>DAVID LEVY;<br>DANIEL SMALL;<br>URI LANDESMAN;<br>JOSEPH MANN;<br>JOSEPH SANFILIPPO; and<br>JEFFREY SHULSE;<br><br>　　　　Defendants. | Civil Case No. 16-6848(DLI)(VMS) |

**SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS APPLICATION FOR AN ORDER TO SHOW CAUSE FOR ENTRY OF A SECOND AMENDED ORDER APPOINTING RECEIVER AND APPOINTMENT OF A SUBSTITUTE RECEIVER**

　　　　The Securities and Exchange Commission ("SEC") submits this memorandum to (i) express its consent to the June 23, 2017 letter application of Bart M. Schwartz to withdraw as Receiver (Dkt.#170); (ii) request that the Court enter the Second Amended Order Appointing

Receiver ("Proposed Order") in the form annexed as Exhibit "1" to the Local Rule 6.1 Declaration of Neal Jacobson; and (iii) recommend Melanie L. Cyganowski, former Chief Judge of the United States Bankruptcy Court for the Eastern District of New York and current Chair of the Bankruptcy Department at Otterburg P.C., as substitute receiver.

1. **Consent to Withdrawal of Bart M. Schwartz as Receiver.**

The SEC consents to Bart M. Schwartz's application to withdraw as Receiver. However, the SEC believes that, in addition to cooperating with the substitute Receiver, as the Receiver has committed to, it is appropriate for the Receiver to also provide an accounting as required by paragraph 55 of the Receiver Order (Dkt.#59-2). Although the substitution of Receiver does not mark the close of the case, the Receiver should be required to supply the accounting of all assets, receipts, and expenditures during his term as Receiver. Such an accounting will also ensure that the substitute Receiver has a complete and easily accessible record of all of the financial transactions of the Receivership. Accordingly, in the Receiver's Proposed Order Authorizing the Receiver's Resignation [Dkt.#170-2], the SEC requests that the Court require that the Receiver also provide an accounting.

2. **Proposed Second Amended Receivership Order**

On December 19, 2016, the SEC moved for emergency relief for appointment of a Receiver in this case and, on the same day, the Court (Matsumoto, J.) ordered the appointment of a Receiver on consent of Defendant Mark Nordlicht. (Dkt.#6). The order appointing the Receiver was subsequently amended on consent of Mark Nordlicht on January 30, 2017 (the "Amended Receiver Order," Dkt.#59-2), and, on March 23, 2017, the Receiver filed a motion, on consent of Mark Nordlicht, to expand the scope of the Receivership Entities. (Dkt.#112).

2

Over the past six months, it has become apparent that the Amended Receiver Order requires further adjustment to reflect the current realities of the Receivership. Accordingly, the SEC requests that the Court enter the Proposed Second Amended Receiver Order attached hereto as Exhibit "1." The material modifications to the Amended Receiver Order contained in the Proposed Second Amended Receiver Order are as follows:[1]

1. The definition of "Receivership Entities" is expanded in the second "whereas" clause to include additional Platinum entities that are the subject of the Receiver's March 23, 2017 consented to motion to expand the scope of the current Receivership (the "Expansion Motion"). By letters dated March 29 and March 30, 2017, respectively, Defendants Levy and Nordlicht consented to expansion of the Receivership as set forth in the Proposed Second Amended Receivership Order, but objected to the Receiver's ability to control the attorney-client privilege for Platinum Management (NY) LLC. (Dkt.#s119 & 120).[2] The Court has not yet ruled on the Expansion Motion.

2. Certain provisions that have expired in the Current Order have been eliminated in the Proposed Order. Specifically, the requirement that the Receivership Entities provide a sworn statement and copies of federal tax returns within five (5) business days.

3. Section "VIII. Managing Assets," has been revised to reflect the current reality of this liquidating Receivership. The revised section (i) sets forth the appropriate standard of

---

[1] A blackline reflecting the proposed modifications from the Receiver Order is attached hereto as Exhibit "2."

[2] It is well established that a receiver controls the attorney-client privilege for the entity subject to the receivership. *U.S. v. Plache*, 913 F.2d 1375, 1381 (9th Cir. 1990). Here, the individual defendants are protected from any inadvertent disclosure by the Receiver of their attorney-client communications by the Order on Consent Imposing Preliminary Injunction and Other Relief (Dkt.#106 at p.5, ¶ IV.), which requires the Receiver to provide the individual defendants with reasonable notice and an opportunity to be heard before the Receiver turns over to the SEC or any third-party any documents that may be subject to the attorney-client privilege.

care to be exercised by the Receiver, (ii) provides clarity regarding the types of expenditures that are ordinary course expenditures and the type that require further Court approval, and (iii) provides for increased SEC staff consultation regarding expenditures. The revised section also directs the Receiver to submit for Court approval budgets for the Receivership, which is something the current Receiver had committed to do.

4. Section "X. Bankruptcy Filings" has been amended to require that the Receiver consult with the SEC staff if the Receiver intends to seek authorization to file for bankruptcy relief for any of the Receivership Entities.

5. Section "XII. Recommendations and Reports," has been modified to require that the Receiver consult with the SEC staff regarding any liquidation plan that may be proposed and prepare a status report within forty-five (45) days of such Receiver's appointment.

6. Section "XIII. Fees, Expenses and Accounting," has been revised to (i) clarify the circumstances under which the Receiver must seek Court approval to retain personnel, and (ii) provide additional detail regarding the cost/benefit analysis that the SEC staff and the Court may apply to a review of fee applications.

**3. Recommendation of Melanie L. Cyganowski as Candidate to Serve as Substitute Receiver**

Once the SEC learned of Mr. Schwartz's intent to withdraw as Receiver, it immediately began to search for a substitute receiver candidate to serve as a replacement, subject to the Court's approval. The SEC staff identified Melanie L. Cyganowski, who the staff believes is eminently qualified to serve as substitute Receiver, and would recommend Ms. Cyganowski for the Court's consideration to serve as substitute Receiver. Ms. Cyganowski's declaration setting forth her

4

qualifications, any potential conflicts, and her *curriculum vitae*, is attached hereto as Exhibit "3." Ms. Cyganowski is currently the Chair of the Bankruptcy Department at Otterburg P.C., where she has been a member of the firm since June 2008. Ms. Cyganowski served as a United States Bankruptcy Judge in the Eastern District of New York from March 1, 1993 until the end of her term on February 28, 2007, and also served as the Chief United States Bankruptcy Judge for that Court from November 29, 2005 until February 28, 2007.

**4. Conclusion**

For all of the foregoing reasons, the SEC (i) consents to the application by Bart M. Schwartz to withdraw as Receiver and requests that he provide an accounting as required by the Receiver Order; (ii) requests that the Court enter the Proposed Second Amended Receiver Order in the form annexed hereto as Exhibit "1" and appoint a substitute Receiver in this case; (iii) submits its recommendation of Melanie L. Cyganowski for the Court's consideration to serve as substitute Receiver in this case; and (iv) requests that the Court grant such other and further relief as is just.

Dated: June 26, 2017
New York, New York

Respectfully submitted,

By:/s/Neal Jacobson
Neal Jacobson
Kevin McGrath
Adam Grace
Attorneys for the Plaintiff
SECURITIES AND EXCHANGE
 COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281-1022
(212) 336-0095 (Jacobson)

*Of Counsel:*
Alistaire Bambach

5