

June 26, 2017

<u>*Via ECF*</u>

Chief Judge Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *SEC v. Platinum Management (NY) LLC et al.*, No. 16 Civ. 6848 (DLI)(VMS)

Dear Chief Judge Irizarry:

We represent defendant Joseph SanFilippo with respect to the above-captioned case.  We write, in consultation with the other six individual defendants,[1] in response to (a) the June 23, 2017 application of Bart M. Schwartz, the Court-appointed Receiver for various Platinum entities, for an order authorizing his resignation as Receiver, *see* dkt. no. 170; and (b) the June 26, 2017 application of the SEC for an Order to Show Cause for court appointment of a second receiver, *see* dkt. no. 173.

For the reasons stated below, we request the opportunity to be heard on these significant developments and the SEC request, which raise substantial questions as to the fairness and efficiency of the receivership and suggest an effort by the SEC to exert undue, and inappropriate, influence on the Receiver appointed by the Court.  Accordingly, the Defendants respectfully request that this Court defer action on the Receiver's application and the SEC's Order to Show Cause until it has heard from all interested parties, including the affected investors, and until the Court has received and reviewed the Receiver's plan for the orderly wind-down of the receivership entities, which Mr. Schwartz was prepared to submit by approximately the end of July.  *See* dkt. no. 170-1 ¶¶ 3-4; dkt. no. 142 at 7.

Alternatively, in the event that the Court enters an Order to Show Cause, it should grant sufficient time for all of these points of view to be thoroughly considered.

We also respectfully suggest that these significant matters be addressed at a status conference on July 7 – the date of the next appearance in the parallel criminal case – or another date convenient to the Court.

---

[1] The seven individual defendants are Mark Nordlicht, David Levy, Daniel Small, Uri Landesman, Joseph Mann, Joseph SanFilippo, and Jeffrey Shulse.

Hon. Dora L. Irizarry, C.J.
June 26, 2017
Page 2 of 3

At the outset, we note that a brief deferral of the Court's consideration of the SEC request will not have an adverse impact on investors or other interested parties. Mr. Schwartz has agreed to perform his duties until a new receiver is appointed, and there is no basis to question his capacity to perform the Receiver's duties fairly and reasonably until a resolution of open issues.

In key respects, Mr. Schwartz's resignation would be a setback to the receivership entities, their investors, and other potential claimants. For this reason alone, we respectfully submit, it should not be lightly entertained.

Mr. Schwartz was originally installed in June 2016, in consultation with the SEC, as Platinum's Independent Oversight Adviser. Even before the instant Complaint was filed, Mr. Schwartz engaged in extensive work to advise as to the orderly wind down of Platinum's assets. He was then formally appointed as the Receiver by the Court on December 19, 2016. Thus, Mr. Schwartz has already spent a full year advising the funds and faithfully discharging his duties as Receiver. In the process, he has incurred legal and other professional fees likely in excess of approximately $2.5 million. In the event the Receiver is authorized to resign and a new one appointed, the estate will be saddled with additional expenses as the necessary price of educating a new receiver as to its extensive duties, and possibly much of Mr. Schwartz's work, including his wind-down plan, may be wasted.

Moreover, Mr. Schwartz's professional judgment is that some of the receivership's holdings should not be liquidated quickly in order to maximize the value of the estate available to investors and other claimants. Mr. Schwartz believes that "putting limited additional funds into certain assets could potentially result in higher returns for the benefit of investors and creditors." *See* dkt. no. 170-1 ¶ 4 (citation omitted). In support of his analysis, Mr. Schwartz has carefully analyzed and valued the receivership assets with the help of valuation and other experts. The SEC evidently has a different view and wishes to substitute its judgment for that of the individual appointed by the Court on account of his expertise – without any basis shown as to why the SEC's judgment is superior to that of Mr. Schwartz.

Additionally, to the extent that the Receiver's resignation application rests on SEC "concerns" regarding a supposed "appearance of a conflict of interest," we note that even the Receiver did not see that previous work as a conflict, nor did it have any effect on his work as a Receiver. *See* dkt. #170-1 ¶¶ 5-6. Accordingly, we respectfully request that the Court consider, in deciding whether to replace the Receiver, whether the purported conflict can be effectively addressed without resort to the inefficiency of replacement of the Receiver.

Finally, we note that the SEC's proposed order, dkt. no. 174-1, seeks to change the Receiver's powers through changes to the underlying order, as well as appoint a new receiver. These proposed changes further warrant additional time for the Court and parties to consider their impact.

Hon. Dora L. Irizarry, C.J.
June 26, 2017
Page 3 of 3

These are some of the issues which we believe should be vetted with the Court before it acts on Mr. Schwartz's application for an order authorizing his resignation. Accordingly, we respectfully request that the Court defer action on Mr. Schwartz's application until such time as it has heard from all interested parties and received his wind-down plan. We further request that time be set aside after the July 7 status conference in the criminal case for a discussion of these matters.

In short, we seek a brief time for the parties, the affected investors, and the Court to deliberate and weigh these important considerations. We also respectfully request that the Court unseal the SEC's letter, attached as Exhibit A to dkt. no. 168, which likely relates to the instant issue, so that the parties can fully address the reasons stated therein. Mr. Nordlicht made a similar application on June 22, 2017, dkt. no. 169.

This request will not adversely affect third parties because Mr. Schwartz has committed to remaining in place until these issues are resolved. It is, in fact, the SEC's actions that risk harm to investors and other potential claimants by seeking appointment of a new receiver, with all the attendant costs and delays, before the issues have adequately been addressed.

Alternatively, in the event that the Court decides to enter an Order to Show Cause as urged by the SEC, we ask that significant time be granted in the Order to address all of the concerns noted above, including a fair opportunity for investors and other stakeholders to be heard.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

/s/ Kevin J. O'Brien

Kevin J. O'Brien