

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0095

July 25, 2017

Filed on ECF
Honorable Dora L. Irizarry
Chief U.S. District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  SEC v. Platinum Management (NY) LLP, et al., No. 16-6848 (DLI)(VMS)

Dear Judge Irizarry:

We represent Plaintiff Securities and Exchange Commission ("SEC") in the above-captioned matter. We write to advise the Court of recently discovered facts relevant to the Court's consideration of the former Receiver's June 30, 2017 application to retain and pay the law firm of Reed Smith LLP to conduct a review of the Receivership's position in a litigation funding arrangement (Dkt.#208, attached hereto as Exhibit 1).[1]  According to the declaration filed with the application, Bart Schwartz wished to retain Reed Smith to evaluate a February 2015, $15 million loan facility made by Hamilton Capital LLC, a Receivership controlled-entity, to Acceleration Bay LLC, a California based technology incubator that purchases and licenses patents for various technologies. (Dkt.#208-1 at p.3, ¶¶ 8-9)  Hamilton had previously retained Reed Smith in connection with a review of the patents, and the Receiver sought to retain Reed Smith at a cost of $50,000 to conduct a review of patent litigation in anticipation of selling Hamilton's interest.  (Id. at pp. 4 & 5, ¶¶ 13-16)

The declaration further states that "[b]efore commencing this engagement, Reed Smith will submit to the Receiver and the SEC staff a certification confirming that it has performed a conflict check and that it does not have any potential or actual conflicts which prevent it from accepting the proposed engagement."  (Id. at p. 5, ¶17)  The declaration makes no other disclosure regarding any connections between Reed Smith and the Receivership or the Receiver, and Reed Smith has not provided to the staff any further disclosure.

At the time the Receiver filed the application, Reed Smith actually owed the Receivership Estate at least $539,073.  In the Receiver's unredacted First Quarterly Status Report for the Period December 19, 2016 Through March 31, 2017 (the "Status Report"), the Receiver listed a "Loan Receivable" from Reed Smith as a current Receivership investment in the amount of $539,073. Attached hereto as Exhibit 2 is a copy of page 19 of the unredacted Status Report reflecting the

---

[1]  The SEC staff has consulted with Melanie Cyganowski, the Court-appointed Receiver, who is aware that the staff is filing this letter.

Honorable Dora L. Irizarry
July 25, 2017
Page 2

receivable. Because the document was filed under seal, the SEC has redacted all other entries on the relevant page except for the Reed Smith entry.[2]

It appears that Guidepost Solutions LLC, Mr. Schwartz's consulting company, also provided actual services to Platinum in connection with the Acceleration Bay investment in February 2015, at or about the same time that Platinum had retained Reed Smith to evaluate the same investment. Attached hereto as Exhibit 3 is a copy of a February 21, 2015 invoice submitted by Guidepost to Polsinelli, PC for due diligence and a report conducted in connection with the same Acceleration Bay matter on which Mr. Schwartz sought to retain Reed Smith in this case. Although the Guidepost invoice is directed to Polsinelli, PC, the notation in the upper right hand corner of the invoice references the contract name as "Polsinelli-Platinum." The description in the invoice of the work performed also makes clear that it was in connection with "Acceleration Bay."[3]

Mr. Schwartz also failed to disclose to the Court or to the SEC staff that Reed Smith represents him in his capacity as receiver for Gabriel Capital L.P. and Ariel Fund Ltd. A copy of a BusinessWire press release dated June 25, 2012, which identifies James McCarroll, a Reed Smith partner as representing Mr. Schwartz, and a June 28, 2017 Order granting Reed Smith attorney fees for its representation of Mr. Schwartz in the case *The People of the State of NY v. Merkin, et al.*, No. 450879/2009 (N.Y. Sup.), are attached hereto as Exhibit 6.

Mr. Schwartz's relationship with Reed Smith and his past work for Platinum were also not previously disclosed by Mr. Schwartz when Guidepost was retained by Platinum as an independent oversight adviser in July 2016,[4] or when Mr. Schwartz sought to retain Guidepost as his advisers in this case.[5]

---

[2] The purpose of sealing the Status Report is to protect sensitive commercial information. The staff is disclosing only this discrete investment without disclosing anything other than the identity of the borrower and the amount of the loan, which are facts necessary to understand the nature of the conflict.

[3] It appears that the Acceleration Bay matter described above was not Guidepost's only undisclosed work for Platinum. By email dated March 12, 2015, and carbon copied to Bart Schwartz, a Guidepost employee sent an invoice to a Platinum portfolio manager for "research involving Texas Keystone." A copy of the email chain is attached hereto as Exhibit 4. On May 4, 2015, Platinum wire transferred $12,363.31 from its account at Capital One Bank to Guidepost Solutions in payment of the invoices. A copy of the wire transfer confirmation and relevant page from the bank statement are attached hereto as Exhibit 5.

[4] In his retention agreement as the independent oversight adviser, Mr. Schwartz warranted and covenanted on behalf of Guidepost at page 7 of the agreement, paragraph 9.(a), that "it is, and will remain throughout the terms of this Agreement, disinterested and independent from the Managers, the Funds and all Affiliates thereof." A copy of the retention agreement, dated as of July 18, 2016, is attached hereto as Exhibit 7. At the time of his retention, Mr. Schwartz also represented orally to the SEC staff that he was disinterested.

Honorable Dora L. Irizarry
July 25, 2017
Page 3

      The staff is available to answer any questions the Court may have regarding the substance of this letter at the Court's convenience.

      Respectfully,

      */s/ Neal Jacobson*

      Neal Jacobson

Cc (via email):

All counsel of record

---

[5] By declaration dated January 31, 2017 submitted in connection with his application to retain his firm Guidepost Solutions in this case, Mr. Schwartz declared under penalty of perjury at page 4, paragraph 10 of the declaration, that Guidepost had no potential adverse interests to the Receivership other than a receivable that remained outstanding for previous work he had performed as the independent oversight adviser for Platinum. Attached hereto as Exhibit 8 is a copy of Mr. Schwartz's declaration [Dkt.#64].

3