Case 1:16-cv-06848-BMC Document 262 Filed 08/31/17 Page 1 of 6 PageID #: 5181
Case 1:16-cv-06848-DLI-VMS Document 243-1 Filed 08/15/17 Page 2 of 8 PageID #: 5003

D/R

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

-v-

PLATINUM MANAGEMENT (NY) LLC;
PLATINUM CREDIT MANAGEMENT, L.P.;
MARK NORDLICHT;
DAVID LEVY;
DANIEL SMALL;
URI LANDESMAN;
JOSEPH MANN;
JOSEPH SANFILIPPO; and
JEFFREY SHULSE,

           Defendants.
------------------------------------X

No. 16-cv-6848 (DLI)(VMS)

STIPULATION AND [PROPOSED] ORDER *dli 8/30/17* REGARDING SETTLEMENT BETWEEN RECEIVER AND HEARTLAND BANK

    WHEREAS Melanie L. Cyganowski (the "Receiver") has been appointed as the receiver for Platinum Partners Credit Opportunities Master Fund L.P. ("PPCO") and certain related entities (collectively, the "Receivership Entities");

    WHEREAS PPCO entered into that certain Credit Agreement (Term Loan) by and between PPCO and Heartland Bank ("Heartland" and together with PPCO, each a "Party" and collectively, the "Parties") dated as of August 31, 2015 (the "Credit Agreement") and the other Loan Documents (as defined in the Credit Agreement);

    WHEREAS on August 11, 2017, PPCO made a payment to Heartland in respect of all outstanding interest (at the non-default rate under the Credit Agreement) due Heartland through July 30, 2017;

    WHEREAS as of August 11, 2017, the principal loan balance under the Credit Agreement is $6,750,000.00 (the "Principal Balance");

4858738.3

IT IS HEREBY STIPULATED AND AGREED, between PPCO and Heartland, that subject to the approval of the Court in the above-captioned action:

Payment and Satisfaction of All Outstanding Obligations

1. Within five (5) days after this court approves this Stipulation (the "Effective Date"), and subject to PPCO receiving wire instructions from Heartland and performing customary due diligence with respect to the transmission of funds, PPCO shall pay to Heartland the sum of (i) any interest (calculated at the non-default rate under the Credit Agreement) accrued thereon on the full Principal Balance at the Applicable Rate (as defined in the Credit Agreement) from July 30, 2017 to the date of the Settlement Payment and (ii) eighty five percent (85%) of the Principal Balance (the "Settlement Payment"). Heartland hereby waives all right to charge or collect interest at the default rate described in Section 3.1 of the Credit Agreement only if this Stipulation is approved by the Court

2. Upon receipt of the Settlement Payment, all of PPCO's outstanding debts, liabilities and Obligations (as defined in the Credit Agreement) to Heartland under the Credit Agreement and the other Loan Documents shall be fully satisfied and deemed paid in full for all purposes under the law, equity or otherwise, and all Persons (as defined in the Credit Agreement) obligated therefor, whether by guaranty or otherwise, shall hereby be forever discharged, released and relived from all liability, obligation and responsibility whatsoever in connection therewith or related thereto.

3. Upon receipt by Heartland of the Settlement Payment, all Liens (as defined in the Credit Agreement) of any kind, nature, or description, whenever and however arising, which Heartland may have on any of the assets and/or properties, real or personal, tangible or intangible, of PPCO granted in favor of Heartland, including Liens created by, arising

4858738.3

under, or granted to Heartland pursuant to the Credit Agreement and the other Loan Documents, shall automatically terminate and be released, and Heartland shall take all actions necessary and or appropriate to release, remove, discharge or terminate from all records and filings all such Liens.

4. Upon Heartland's receipt of the Settlement Payment in accordance with the terms hereof, Heartland authorizes PPCO, or any other party on behalf of PPCO, to prepare and to file any Uniform Commercial Code termination statements with respect to any and all Uniform Commercial Code financing statements previously filed by Heartland with respect to the Collateral (as defined in the Credit Agreement), and Heartland hereby agrees, at PPCO's cost and expense, to execute and deliver to PPCO promptly, but in any event within ten (10) days of Heartland's receipt of the requested form from PPCO, any lien releases, mortgage releases, discharges of security interests, and other similar discharge or release documents (and if applicable, in recordable form) as are reasonably necessary to release, as of record, all other notices of security interests and liens previously filed by Heartland with respect to the Obligations. Heartland also hereby agrees to promptly, but in any event within ten (10) days after receipt of the Settlement Payment, deliver to PPCO, in each case at the expense of the PPCO, the following: (a) any chattel paper and other instruments or documents delivered to Heartland pursuant to the Credit Agreement or any of the other Loan Documents, and (b) any other Collateral in the actual physical possession or control of Heartland.

Mutual Release by the Parties

5. Subject to the terms and conditions contained herein, each Party hereto, on behalf of themselves and their respective successors and assigns hereby absolutely, unconditionally

4858738.3

and irrevocably release, remise and forever discharges the other Party and its successors and assigns (each party so being released hereby hereinafter referred to collectively as the "Releasees" and individually as a "Releasee"), of and from all demands, actions, causes of action, suits, covenants, contracts, controversies, agreements, promises, sums of money, accounts, bills, reckonings, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever (individually, a "Claim" and collectively, "Claims") which such Party, or their respective successors, assigns or other legal representatives, may now or hereafter own, hold, have or claim to have against the Releasees or any of them for, upon, or by reason of any nature, cause or thing whatsoever which arises at any time on or prior to the day and date of this Stipulation, in connection with the Credit Agreement and the other Loan Documents, as amended and supplemented through the date hereof. Notwithstanding the foregoing: (a) neither Party hereto shall be released, remised and/or discharged from any Claims the other Party may now or hereafter have arising from or related to fraud, willful misconduct or gross negligence, all of such Claims are hereby reserved and preserved; (b) for the avoidance of doubt, nothing contained herein shall or shall be deemed to release any present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives of PPCO from any Claims of the Receiver arising from or related to the Credit Agreement or the other Loan Docments, all of which Claims are hereby expressly reserved and preserved; and (c) the releases contained in this paragraph shall only be effective upon approval of this Stipulation by the Court.

4858738.3

6. Each Party understands, acknowledges and agrees that the release set forth above may be pleaded as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release.

7. Each Party agrees that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final and unconditional nature of the release set forth above.

Miscellaneous

8. This Stipulation may not be modified, amended, or vacated other than by a signed writing executed by the Parties or by order of the Court.

9. Each person who executes this Stipulation on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such party.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original and evidence of this Stipulation may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed documents, each of which shall be as fully binding on the party as a signed original.

4858738.3

11. The Parties hereby irrevocably and unconditionally agree that the Court shall retain exclusive jurisdiction to interpret, implement, and enforce the provisions of this Stipulation.

Dated: New York, New York
August 1_, 2017

/s/ _____
Adam C. Silverstein
*Counsel to Melanie L. Cyganowski, as Court Appointed Receiver*
OTTERBOURG P.C.
230 Park Avenue
New York, New York 10169
Telephone: (212) 661-9100
Facsimile: (212) 682-6104
asilverstein@otterbourg.com

/s/ _____
William R. Jenkins, Jr.
*Counsel to Heartland Bank*
JACKSON WALKER L.L.P.
777 Main Street, Suite 2100
Fort Worth, Texas 76102
Telephone: (817) 334-7200
Facsimile: (817) 334-7290
wjenkins@jw.com

---

*The Court notes that none of the parties named in this case have objected to this proposed Order after having been provided time to do so.*

*So Ordered.*

*Dated: Brooklyn, NY*
*August 30, 2017*

s/Dora L. Irizarry, Chief USDJ
Chief U.S.D. Judge

4858738.3