UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION, :
:
                         Plaintiff, :
:
  -v- : No. 16-cv-6848 (BMC)(VMS)
:
PLATINUM MANAGEMENT (NY) LLC; :
PLATINUM CREDIT MANAGEMENT, L.P.; :
MARK NORDLICHT; :
DAVID LEVY; :
DANIEL SMALL; :
URI LANDESMAN; :
JOSEPH MANN; :
JOSEPH SANFILIPPO; and :
JEFFREY SHULSE, :
:
                     Defendants. :
---------------------------------------------------------------X

**ORDER APPROVING FIRST INTERIM APPLICATION
OF GOLDIN ASSOCIATES, LLC FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD
<u>JULY 6, 2017 THROUGH SEPTEMBER 30, 2017</u>**

      THIS MATTER coming before the Court on the First Interim Application of Goldin Associates, LLC ("Goldin") for Allowance of Compensation and Reimbursement of Expenses Incurred During the Period July 6, 2017 through September 30, 2017 (the "First Interim Application")[1] [Dkt. No. <u>283</u>]; and the Court having considered the First Interim Application and exhibits and other documents filed in support of the First Interim Application; and the Court having found that the First Interim Application complies with applicable standards for awarding fees and expenses; and after due deliberation and for good and sufficient cause shown; it is hereby

---

[1]     Capitalized terms utilized but not otherwise defined herein shall have the meaning ascribed to them in the First Interim Application.

**ORDERED** that the First Interim Application for the period covering July 6, 2017 through September 30, 2017 (the "First Application Period") is granted; and it is further

**ORDERED** that Goldin's compensation for the First Application Period is allowed on an interim basis in the amount of $985,666.50 (the "Allowed Fees"); and it is further

**ORDERED** that Goldin's request for reimbursement of its out-of-pocket expenses for the First Application Period is allowed on an interim basis in the amount of $1,350.24; and it is further

**ORDERED** that the Receiver is authorized to immediately pay from the Receivership assets (i) the Allowed Fees, less forty (40%) percent of the Allowed Fees (the "Holdback Amount"), plus (ii) 100% of the allowed out-of-pocket expenses of Goldin; and it is further

**ORDERED** that upon the disposition of additional assets of the Receivership Estate, the Receiver is authorized to pay from the Receivership assets, half of Goldin's Holdback Amount (*i.e.*, 20% of Goldin's Allowed Fees), subject to the consent of the SEC, but without further notice or order of the Court.

 SO ORDERED.

                                                           _____
                                                                           U.S.D.J.

DATED: Brooklyn, New York
                December 4, 2017