```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
SECURITIES AND EXCHANGE                                     :   **MEMORANDUM DECISION**
COMMISSION,                              ,                  :   **& ORDER**
                                                            :
                          Plaintiff,                        :   16-cv-6848 (BMC)
                                                            :
              - against -                                   :
                                                            :
PLATINUM MANAGEMENT (NY) LLC;                               :
PLATINUM CREDIT MANAGEMENT, L.P.;                           :
MARK NORDLICHT; DAVID LEVY;
DANIEL SMALL; URI LANDESMAN;
JOSEPH MANN; JOSEPH SANFILIPPO; and
JEFFREY SHULSE,

                          Defendants.
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Non-party Navidea Biopharmaceuticals, Inc. seeks an order lifting the litigation stay in this receivership case so that it may implead one of the companies in receivership in an action pending outside the receivership. Because the costs to the Receivership and resulting prejudice to other parties-in-interest outweigh the prejudice that Navidea might suffer from deferring its litigation, the motion is denied.

## BACKGROUND

In 2012, Navidea, as borrower, and Platinum-Montaur Life Sciences LLC ("Platinum-Montaur"), as lender, entered into a loan agreement and related promissory note. At all relevant times, Platinum Partners Value Arbitrage Fund L.P. ("PPVA") was the holder of roughly 99% of the membership interests in Platinum-Montaur. In 2016, Platinum-Montaur assigned certain of its assets to Platinum Partners Credit Opportunities Master Fund LP ("PPCO"), including the

right to payments due under the note.[1] Navidea contends that Platinum-Montaur and PPCO are affiliated entities.

At the end of 2016, the Securities and Exchange Commission filed this case, and the Court entered an Order placing PPCO into receivership, along with certain affiliated companies. Roughly about the same time, the Financial Services Division of the Grand Court of the Cayman Islands directed the winding up of PPVA, and appointed joint liquidators. PPVA, including Platinum-Montaur, is part of a separate group of entities, not part of this Court's receivership.

In February 2017, the Receiver made a demand on Navidea for it to repay the portion of the note owed to PPCO. At the same time, Platinum-Montaur demanded that Navidea repay a separate portion of the note.

After these two demands – from PPCO and Platinum-Montaur – Navidea repaid PPCO. The Repayment Agreement between Navidea and PPCO contained an indemnification provision, stating:

> To the extent that any Cause of Action is made against any of the Released Parties by any affiliate(s) of Lender, Lender agrees to reimburse, indemnify, and hold harmless, the Released Parties against and in respect of any and all Liabilities incurred or suffered by any of them as a result of such Cause of Action.

Navidea did not remit payment to Platinum-Montaur, and Platinum-Montaur has commenced an action to recover that portion of the note that it asserts is payable.

Navidea wrote to the Receiver, requesting that PPCO reimburse and indemnify it against all liabilities, including Platinum-Montaur's claim. The Receiver declined. Navidea therefore seeks to lift the litigation stay so to allow it to file a third-party complaint for indemnification against PPCO in the Platinum-Montaur litigation.

---

[1] There seems to be some dispute about whether this assignment was complete or partial, but as will be explained below, this motion can be decided without resolving that question.

**DISCUSSION**

The parties agree on the factors the Court should consider in deciding whether to lift the stay:

> 1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.

S.E.C. v. Byers, 592 F. Supp. 2d 532, 536 (S.D.N.Y. 2008), aff'd, 609 F.3d 87 (2d Cir. 2010) (citing S.E.C. v. Wencke, 742 F.2d 1230, 1231 (9th Cir. 1984)); see also United States v. JHW Greentree Capital, L.P., No. 3:12-CV-00116, 2014 WL 2608516, at *4 (D. Conn. June 11, 2014) (noting that this test "has been applied by courts in the Second Circuit," along with multiple other Circuit Courts.).

The three-factor test "simply requires the district court to balance the interests of the Receiver and the moving party." S.E.C. v. Universal Fin., 760 F.2d 1034, 1038 (9th Cir. 1985). "[T]he interests of the Receiver are very broad and include not only protection of the receivership *res,* but also protection of defrauded investors and considerations of judicial economy." Id. Accordingly, the Court's power to enter a stay "is broader than [its] authority to grant or deny injunctive relief." Id. "The movant bears the burden of proving that the balance of the factors weighs in favor of lifting the stay." JHW Greentree Capital, 2014 WL 2608516, at *4.

The parties disagree about the merits of Navidea's potential claim against PPCO, but the Court need not reach that issue. Navidea can only secure the ultimate relief it seeks (to the extent it has a meritorious claim) if Platinum-Montaur prevails against it in the currently pending litigation. If not, Navidea will suffer no loss for which PPCO might have an indemnification obligation. Rather than force the Receiver to engage in costly, time-consuming, distracting, and

3

– most significantly – potentially unnecessary litigation, it makes more sense to wait and see the outcome of the currently pending litigation. See United States v. Acorn Tech. Fund, L.P., 429 F.3d 438, 443 (3d Cir. 2005) ("A district court should give appropriately substantial weight to the receiver's need to proceed unhindered by litigation, and the very real danger of litigation expenses diminishing the receivership estate."); Liberte Capital Grp., LLC v. Capwill, 462 F.3d 543, 551 (6th Cir. 2006) ("The receivership court has a valid interest in both the value of the claims themselves and the costs of defending any suit as a drain on receivership assets."). Otherwise, the Receiver would simply run up costs in anticipation of a claim that might become moot.

Navidea, too, will be no worse off for having to wait. Even if PPCO is found to have an indemnification obligation, Navidea does not argue that it is entitled to any kind of reimbursement at this time. In fact, the line of cases Navidea cites expressly say otherwise. See Di Perna v. Am. Broad. Companies, Inc., 200 A.D.2d 267, 270-71, 612 N.Y.S.2d 564, 567 (1994) ("The impleader of a third-party defendant does not vitiate the requirement of a showing of actual loss before there may be recovery.") (internal quotations omitted); McCabe v. Queensboro Farm Prod., Inc., 22 N.Y.2d 204, 208 (1968) ("Since the third-party judgment would not be subject to execution until there is proof of such payment of the main judgment – whether by the filing of a satisfaction piece or other means – the third-party action conveys no greater rights than could be obtained if the action were brought independently."). Navidea claims only that it would benefit from "prompt determination . . . of its indemnification right."

Navidea's uncertainty as to its potential future rights is not the kind of "substantial

injury" that merits lifting the litigation stay. It does not come close to outweighing the costs to the Receivership in defending against Navidea's proposed action.

**SO ORDERED.**

                                                                     _____
                                                                                U.S.D.J.

Dated:  Brooklyn, New York
          July 16, 2018