**Exhibit A to the Cyganowski Declaration**

**Proposed Procedures Order and Exhibits Thereto**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------x

SECURITIES AND EXCHANGE          :
COMMISSION,                       :
                    Plaintiff,    :
        -v-                       :
                                  :
PLATINUM MANAGEMENT (NY) LLC;     :        No. 16-cv-6848 (BMC)
PLATINUM CREDIT MANAGEMENT, L.P.; :
MARK NORDLICHT;                   :
DAVID LEVY;                       :
DANIEL SMALL;                     :
URI LANDESMAN;                    :
JOSEPH MANN;                      :
JOSEPH SANFILIPPO; and            :
JEFFREY SHULSE,                   :
                                  :
                    Defendants.   :

--------------------------------------------------------x

**[PROPOSED] ORDER (A) AUTHORIZING THE RECEIVER TO SELL THE
RECEIVERSHIP'S RIGHTS IN AND TO LC ENERGY OPERATIONS LLC FREE
AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER
INTERESTS; (B) APPROVING PROCEDURES FOR THE FILING OF CLAIMS
AGAINST LC ENERGY AND/ OR ITS ASSETS AND THE RESOLUTION
THEREOF AND (C) GRANTING CERTAIN RELATED RELIEF**

Upon the (1) motion (Docket No. 422) of Melanie L. Cyganowski, the duly appointed

Receiver (the "***Receiver***") of Platinum Credit Management, L.P., Platinum Partners Credit

Opportunities Master Fund LP, Platinum Partners Credit Opportunities Fund (TE) LLC, Platinum

Partners Credit Opportunities Fund LLC, Platinum Partners Credit Opportunities Fund (BL) LLC,

Platinum Liquid Opportunity Management (NY) LLC, Platinum Partners Liquid Opportunity

Fund (USA) L.P., Platinum Partners Liquid Opportunity Master Fund L.P., Platinum Partners

Credit Opportunities Fund International Ltd and Platinum Partners Credit Opportunities Fund

International (A) Ltd, (collectively, the "***Receivership Entities***"), for entry of an order (I) (a)

authorizing the Receiver to sell (the "***Sale***") the Receivership's rights in and to LC Energy

Operations LLC and/ or its assets ("*LC Energy*") free and clear of all liens, claims, encumbrances and other interests (collectively, "*Encumbrances*"); (b) authorizing the Receiver to enter into a stalking horse agreement and approving certain bid protections in connection therewith; (c) approving the form and manner of notice of the Sale; (d) approving certain procedures for the filing of claims against LC Energy and the resolution thereof (the "*LC Energy Claims Procedures*") and (e) approving bid procedures for the sale of LC Energy upon the selection of a stalking horse (the "*Bidding Procedures*") and (II) approving the sale of LC Energy free and clear of all Encumbrances (the "*Motion*") and the accompanying Receiver's Memorandum of Law in Support of the Motion and the Declaration of Melanie L. Cyganowski, as Receiver, in Support of the Motion, (2) the Receiver's Reply Brief in Further Support of the Motion (Docket No. 436) and (3) the Declaration of Trey Rogers in Support of the Motion (Docket No. 441); and upon the (1) Limited Objection of Lily Group, Inc. to the Motion, (2) Response in Opposition to the Motion filed by James W. Stuckert, Diane V. Stuckert and Solomon O. Howell and (3) Response in Opposition by the Committee of Unsecured Creditors in the Bankruptcy Case of Lily Group, Inc. to the Motion (Docket No. 433) (collectively, the "*Responses*") having been resolved by the parties in accordance with this Order; and it appearing that the relief requested in the Motion is in the best interests of the Receiver, the Receivership Entities and their stakeholders; and this Court having jurisdiction to consider the relief requested in the Motion pursuant to, *inter alia*, the October 16, 2017 *Second Amended Order Appointing Receiver*; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor:[1]

---

[1]  All capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

**IT IS HEREBY ORDERED THAT:**

1.      The relief requested in the Motion is GRANTED as provided herein.

2.      For the avoidance of doubt, all references in the Motion and in this Order to "LC Energy" shall include both LC Energy Operations LLC and LC Energy Holdings LLC.

3.      All objections to the relief provided for herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits.

*A.      Authorization to Enter into Stalking Horse Agreement and Approval of Bidding Procedures*

4.      Subject to the terms of this Order, the Receiver is hereby authorized to enter into an agreement pursuant to which she may sell the Receivership's interests in LC Energy free and clear of all Encumbrances (such agreement being a "***Stalking Horse Agreement***").

5.      The Stalking Horse Agreement shall be subject to higher or otherwise better offers as set forth in the immediately following paragraph.  The Stalking Horse Agreement may provide the proposed purchaser with customary and reasonable bid protections (the "***Bid Protections***"), including, but not limited to, a breakup fee not to exceed 5% of the proposed purchase price, that the Receiver determines, in her business judgment, are best designed to maximize the value of LC Energy.

6.      If the Receiver enters into a Stalking Horse Agreement, the Bidding Procedures attached hereto as **Exhibit 1** shall govern the sale of LC Energy.  The Bidding Procedures are fair and reasonable and appropriate under the circumstances and designed to maximize recovery on, and realize the value of, LC Energy, and are therefore approved.  The Bidding Procedures shall govern the submission, receipt and analysis of all bids relating to the proposed Sale and any party desiring to submit a bid following LC Energy's entry into a Stalking Horse Agreement shall do so

strictly in accordance with the terms of the Bidding Procedures and this Order.

**B.    _Approval of Form and Manner of Notice_**

7.      The forms of notice of the Sale, the LC Energy Claims Procedures and the LC Energy Claims Bar Date (defined below) attached hereto as **Exhibit 2** (the "**_Sale Notice_**") and **Exhibit 3** (the "**_Publication Notice_**") are reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, the LC Energy Claims Procedures and the LC Energy Claims Bar Date and are each therefore approved.

8.      Notice by Mail.  The Receiver shall serve, within five (5) business days of entry of this Order, the Sale Notice by United States first class mail on (1) all known creditors of LC Energy at the address set forth in the Receivership Entities' books and records or as updated pursuant to a request by a creditor or by returned mail from the post office with a forwarding address; (2) any party known or reasonably believed to have asserted any Encumbrance on LC Energy's assets; (3) all parties to pending litigation against LC Energy (as of the date of entry of this Order); (4) any party known or reasonably believed to have expressed an interest in acquiring some or substantially all of LC Energy's assets; (5) the Internal Revenue Service and all applicable governmental units; and (6) such additional persons and entities deemed appropriate by the Receiver (collectively, the "**_LC Energy Service List_**").  Such notice shall be sufficient and proper notice of the Sale, the LC Energy Claims Procedures and the LC Energy Claims Bar Date and no other or further notice of the Sale, the LC Energy Claims Procedures and the LC Energy Claims Bar Date to such parties shall be required.

9.      Notice by Publication.  The Sale Notice shall also be made available, within five (5) business days of entry of this Order, on the Receiver's website at http://www.platinumreceivership.com.  In addition, within fourteen (14) calendar days of entry of this Order, the Publication Notice shall be published in newspapers with general circulation in

Greene and  Sullivan Counties in the State of Indiana as well as in a newspaper with general circulation in the State of Indiana and other such publications that, in the Receiver's sole and absolute discretion, are reasonably calculated to provide notice of the Sale, the LC Energy Claims Procedures and the LC Energy Claims Bar Date to potential claimants and purchasers.  Such notice shall be sufficient and proper notice of the Sale, the LC Energy Claims Procedures and the LC Energy Claims Bar Date and no other or further notice of the Sale, the LC Energy Claims Procedures and the LC Energy Claims Bar Date to such parties shall be required.

C.     *Approval of Procedures for the Filing of Claims Against LC Energy and the Resolution Thereof*

10.     The following LC Energy Claims Procedures are hereby approved:

(i)     The deadline for filing a Claim (defined below) shall be forty-five (45) days after the entry of this Order (the "***LC Energy Claims Bar Date***").

(ii)     For purposes of this Order, a "***Claim***" is defined as:  (1) a claim to a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, mature, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, *against LC Energy and/ or its assets*; or (2) a claim to a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, *against LC Energy and/ or its assets*.

(iii)     Any Claim asserted against LC Energy shall be served via electronic and regular mail no later than the LC Energy Claims Bar Date on:  (i) Erik Weinick, Esq., Otterbourg, P.C., 230 Park Avenue, New York, NY 10169, Email:     eweinick@otterbourg.com   and (ii) Brent Weisenberg, Esq., Platinum Partners, 230 Park Avenue, Third Floor West, Suite 323, New York, NY 10169, Email:     bweisenberg@platinumlp.com.   Any Claim being asserted must state the Claim amount and summarize the basis for the Claim.

(iv)     **Any claimant who is required to submit a Claim, but fails to do so by the LC Energy Claims Bar Date, shall be forever barred, estopped, and enjoined to the fullest extent allowed by applicable law from asserting, in any manner, such Claim against LC Energy and its successors, agents, assigns, officers, directors, shareholders, employees and representatives and its property; shall not be permitted to object to any distribution plan proposed by the Receiver on account of such**

**Claim; shall be denied any distributions under any distribution plan implemented by the Receiver on account of such Claim; and shall not receive any further notices on account of such Claim. Further, if a claimant is required to submit a Claim but fails to do so by the LC Energy Claims Bar Date, then LC Energy and its successors, agents, assigns, officers, directors, shareholders, employees and representatives and its property will be, and hereby are, discharged from all indebtedness or liability with respect to such Claim.**

(v)     Within ninety (90) days of the approval of the sale of LC Energy (unless extended by the Receiver filing a notice of extension with this Court) for each Claim timely and properly filed by the LC Energy Claims Bar Date, the Receiver shall serve a written determination as to whether the Claim should be allowed as filed, allowed in a reduced amount, disallowed or be subject to the provision of additional documents to the asserted Claim holder via U.S. regular mail or via electronic mail (the "***Receiver's Claim Determination***").

(vi)    If the Receiver's Claim Determination finds that the Claim should be allowed in a reduced amount, disallowed or be subject to the provision of additional documents, the asserted Claim holder shall have thirty (30) days thereafter to serve a response to the Receiver's Claim Determination via electronic and regular mail on (i) Erik Weinick, Esq., Otterbourg, P.C., 230 Park Avenue, New York, NY 10169, Email:  eweinick@otterbourg.com and (ii) Brent Weisenberg, Esq., Platinum Partners, 230 Park Avenue, Third Floor West, Suite 323, New York, NY 10169, Email: bweisenberg@platinumlp.com.

(vii)   The Receiver shall then have thirty (30) days to serve a reply on the asserted Claim holder as set forth in subsection (i) above.

(viii)  If the Receiver and the claimant are unable to agree on the allowance or disallowance of a Claim or the priority thereof, the Receiver shall file a motion with this Court attaching the Receiver's Claim Determination, the asserted Claim holder's response and the Receiver's reply, requesting that this Court resolve such dispute without additional briefing by the Receiver or the Claimant. The Receiver reserves the right to request that this Court direct mandatory mediation on such terms and conditions as the Receiver reasonably proposes with respect to any specific Claim determination dispute.

11.     An entity filing a Claim in accordance with the above procedures shall be deemed to have consented to the jurisdiction of this Court for all purposes related to its Claim, including, without limitation, a determination as to the validity and amount of its Claim asserted against LC Energy.

12.     In connection with the Receiver's Claim Determination, the Receiver reserves the right to dispute, or assert offsets or defenses as to the nature, amount, liability, classification, or otherwise against, any amounts asserted in any Claim.  Nothing contained herein is intended to preclude the Receiver from objecting to any Claim on any grounds.  Notwithstanding the forgoing, Lily Group, Inc. and the Official Committee of Unsecured Creditors of Lily Group, Inc. shall be entitled to file a single Claim against LC Energy in accordance with the LC Energy Claims Procedures which the Receiver agrees will not be opposed to on the grounds of standing but will otherwise be subject to all other claims and defenses.

13.     Until all Claims against LC Energy that are reasonably asserted to be prior in right to that of PPCO are resolved by agreement with the Receiver or by an order of this Court, the Receiver shall not disburse the net proceeds of the Sale; provided, however, the Receiver may (i) pay the customary and reasonable costs and expenses of the Sale at closing, which include, but are not limited to, the fees and expenses of Houlihan Lokey as previously approved by this Court and (ii) reimburse PPCO for all post-receivership costs and expenses it paid for, or on behalf of, LC Energy (the "*Reimbursement Payment*"); provided, further, however, that the Reimbursement Payment shall not be made if one of the parties filing the Responses serves an objection to such proposed payment via electronic and regular mail on (i) Erik Weinick, Esq., Otterbourg, P.C., 230 Park Avenue, New York, NY 10169, Email:  eweinick@otterbourg.com and (ii) Brent Weisenberg, Esq., Platinum Partners, 230 Park Avenue, Third Floor West, Suite 323, New York, NY 10169, Email:  bweisenberg@platinumlp.com within seven (7) days from the date of entry of this Order.  If the parties are unable to resolve any timely served objection, the dispute shall be brought before this Court by the Receiver for resolution in a form and manner substantially similar to the procedure set forth in paragraph 10.(viii) herein.  Notwithstanding the forgoing, the

Receiver may make the Reimbursement Payment to PPCO in any un-objected to amount at Sale closing.

14.     LC Energy's claim on account of the DIP Loan (the "***DIP Loan Claim***") is hereby deemed filed in accordance with the LC Energy Claims Procedures; <u>provided</u>, <u>however</u>, (i) nothing herein shall be deemed a finding or determination that the DIP Loan Claim is valid and otherwise payable from the Sale proceeds and (ii) prior to the allowance and payment of the DIP Loan Claim, the parties filing the Responses shall be provided with fourteen (14) days from the date the Receiver provides them notice that she intends to pay such Claim to object to such payment by serving a response via electronic and regular mail on (i) Erik Weinick, Esq., Otterbourg, P.C., 230 Park Avenue, New York, NY 10169, Email:  eweinick@otterbourg.com and (ii) Brent Weisenberg, Esq., Platinum Partners, 230 Park Avenue, Third Floor West, Suite 323, New York, NY 10169, Email:  bweisenberg@platinumlp.com.  If the parties are unable to resolve any timely served objection, the dispute shall be brought before this Court by the Receiver for resolution in a form and manner substantially similar to the procedure set forth in paragraph 10.(viii) herein.

### D.     *Procedures for Approval of Successful Bidder and Sale*

15.     The following procedures for approval of the Sale to the Successful Bidder are hereby approved:

> (i)     Upon the Receiver's selection of a Successful Bidder (defined in the Bidding Procedures) in accordance with the Bidding Procedures, the Receiver shall file a notice with this Court setting forth the identity of the Successful Bidder, the proposed purchase price, the material provisions of the proposed Sale transaction, an affidavit(s) in support of the Sale and a proposed order approving the Sale and the Successful Bidder (the "***Successful Bidder Selection Notice***").  The Receiver shall serve the Successful Bidder Selection Notice by United States first class mail on the LC Energy Service List and all parties in interest in this Case.

> (ii)    On or before seven (7) days after filing of the Successful Bidder Selection

Notice (the "***Response Deadline***"), any party-in-interest wishing to be heard with respect to the selection of the Successful Bidder and approval of the Sale (other than parties named in the caption), shall electronically deliver to the Receiver via the Receiver's email address (platinumreceiver@otterbourg.com), that party in interest's response (collectively, the "***Responses***"); parties in interest (other than parties named in the caption) shall not file Responses on the ECF docket in this action.

(iii)   On or before two (2) business days after the Response Deadline, the Receiver shall compile all the Responses she has received and shall file the Responses under one docket entry on the ECF docket in this action

(iv)   The Receiver shall have no more than seven (7) days following the Response Deadline to file any reply in further support of the Sale.

(v)   This Court may then either schedule a hearing to consider the Sale or decide to enter an order approving or denying the Sale without oral argument.

16.   The Receiver is authorized to execute and deliver all instruments and documents and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

17.   This Order shall be effective and enforceable immediately upon entry.

18.   This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2019
          Brooklyn, New York

_____
THE HON. BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

**Exhibit 1 to Procedures Order**

**Proposed Bidding Procedures**

**[Proposed] Bidding Procedures for the Sale of LC Energy Operations LLC**

On January [_____], 2019, the United States District Court for the Eastern District of New York (the "***Court***") entered an order [Docket No. _____] (the "***Procedures Order***"), which, among other things, (a) authorized the Receiver to sell (the "***Sale***") the Receivership's rights in and to LC Energy Operations LLC and/ or its assets ("***LC Energy***") free and clear of all liens, claims, encumbrances and other interests (collectively, "***Encumbrances***"); (b) authorized the Receiver to enter into a stalking horse agreement and approved certain bid protections in connection therewith; (c) approved the form and manner of notice of the Sale; (d) approved certain procedures for the filing of claims against LC Energy and the resolution thereof and (e) approved bid procedures for the sale of LC Energy upon the selection of a stalking horse.  The following are the Bidding Procedures approved by the Procedures Order.[2]

1.     <u>Stalking Horse Agreement and Qualified Bidders and Bids</u>.  Within seven (7) business days of execution of a contract for the sale of LC Energy (the "***Stalking Horse Agreement***") with a proposed purchaser (the "***Stalking Horse***"), the Receiver shall notify all parties having previously expressed interest in purchasing LC Energy that they may submit a Qualified Bid (defined below) in accordance with these procedures (the "***Stalking Horse Notice***").

For purposes hereof, the determination of whether any entity is a "Qualified Bidder" and whether any bid constitutes a "Qualified Bid" shall be made by the Receiver in her reasonable business judgment and as set forth below.

2.     <u>A Qualified Bid</u>.  A "***Qualified Bid***" must, at a minimum:

(i)     Fully disclose the identity of the person or entity that will be bidding for LC Energy (the "***Potential Bidder***").

(ii)    Be accompanied by information which demonstrates the Potential Bidder's ability (and the sources of the Potential Bidder's ability) to close on its purchase of LC Energy without contingencies as to financing and/or additional due diligence if the Potential Bidder should be selected by the Receiver to purchase LC Energy (in such case the Potential Bidder being deemed the "***Successful Bidder***" and such bid, the "***Successful Bid***").

(iii)   Agree in writing that the Potential Bidder is bound to its bid until one business day after the Closing Date (defined below) or until its bid is affirmatively rejected, but that such offer to acquire LC Energy is not binding on the Receiver prior to the time that the Auction (defined below) is conducted and the Sale is approved by the Court.

---

[2]     All capitalized terms not defined herein shall have the meaning ascribed to such terms in the Procedures Order.

(iv)     Be accompanied by evidence that a good faith deposit in the amount of 10% of the Potential Bidder's Bid (the "***Deposit***") in immediately available funds has been made (or is concurrently being made) by wire transfer to the Receiver and agreeing that the Deposit shall be held in a segregated non-interest bearing account in accordance with the terms hereof.  Within three (3) business days of the closing of a Sale with the Successful Bidder, the Deposit of all other Qualified Bidders shall be returned by the Receiver.  The deposit of the Successful Bidder shall be applied to the purchase price for the Sale.

(v)      Agree in writing to close on the purchase of LC Energy if the Qualified Bidder's bid at the Auction is selected as the Successful Bid, not more than thirty (30) calendar days from entry of a Court order approving the Sale, or on such other date as the Receiver and the Successful Bidder shall otherwise agree to in writing, or may otherwise be directed by Court order, or as may otherwise be established in accordance with the terms hereof (such date, the "***Closing Date***"), with TIME BEING OF THE ESSENCE AS TO THE SUCCESSFUL BIDDER'S OBLIGATION TO CLOSE ON THE CLOSING DATE AND TO PAY THE BALANCE OF THE PURCHASE PRICE AT THE CLOSING.

(vi)     Attach an executed agreement to purchase LC Energy in substantially the same form as the Stalking Horse Agreement, marked to show proposed changes (the "***Modified Agreement***"), which Modified Agreement must be acceptable to the Receiver.  **The Modified Agreement must provide for an increase to the Purchase Price set forth in the Stalking Horse Agreement in an amount to be announced by the Receiver in connection with the Stalking Horse Notice.**

3.      The Auction.  If the Receiver has received one or more Qualified Bids by the Qualified Bidder Deadline of [____],then the Receiver shall conduct an auction with respect to LC Energy (the "***Auction***") at such time and location determined by the Receiver.  The rules governing the Auction and the refund of Deposits shall be announced by the Receiver prior to such Auction.

4.      Reservation of Rights.  Notwithstanding any of the foregoing, the Receiver reserves the right to modify these Bidding Procedures at or prior to the Auction, including, without limitation, to extend any deadlines set forth herein, allow for bidding on only a portion of LC Energy and/ or its assets, waive terms and conditions set forth herein with respect to any or all potential bidders, impose additional terms and conditions with respect to any or all Potential Bidders, adjourn or cancel the Auction at or prior to the Auction and adjourn any sale hearing with respect to all or a portion of the assets to be sold.  If certain of the assets to be sold are withheld from the sale process, the Receiver reserves the right to establish procedures consistent with those approved by the Procedures Order as may be necessary to obtain the highest and best bids for such withheld assets

**Exhibit 2 to Procedures Order**

**Sale Notice**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

SECURITIES AND EXCHANGE      :
COMMISSION,                       :
               Plaintiff,       :
   -v-                         :
                               :
PLATINUM MANAGEMENT (NY) LLC;  :     No. 16-cv-6848 (BMC)
PLATINUM CREDIT MANAGEMENT, L.P.; :
MARK NORDLICHT;            :
DAVID LEVY;                :
DANIEL SMALL;             :
URI LANDESMAN;            :
JOSEPH MANN;               :
JOSEPH SANFILIPPO; and       :
JEFFREY SHULSE,          :
                               :
           Defendants.    :

-------------------------------------------------------x

**NOTICE OF THE (I) PROPOSED SALE OF**
**THE RECEIVERSHIP'S RIGHTS IN AND TO LC ENERGY OPERATIONS LLC FREE**
**AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**
**AND (II) PROCEDURES FOR THE FILING OF CLAIMS AGAINST LC ENERGY AND/**
**OR ITS ASSETS AND THE RESOLUTION THEREOF**

       **PLEASE TAKE NOTICE** that:

       1.    On January [\_\_\_], 2019, the United States District Court for the Eastern District of New York (the "***Court***") entered an order (I) (a) authorizing Melanie L. Cyganowski, as Receiver (the "***Receiver***") for Platinum Credit Management, L.P., Platinum Partners Credit Opportunities Master Fund LP, Platinum Partners Credit Opportunities Fund (TE) LLC, Platinum Partners Credit Opportunities Fund LLC, Platinum Partners Credit Opportunities Fund (BL) LLC, Platinum Liquid Opportunity Management (NY) LLC, Platinum Partners Liquid Opportunity Fund (USA) L.P., Platinum Partners Liquid Opportunity Master Fund L.P., Platinum Partners Credit Opportunities Fund International Ltd and Platinum Partners Credit Opportunities Fund International (A) Ltd (collectively, the "***Receivership Entities***") to sell the Receivership's rights in and to LC Energy Operations LLC and/ or its assets ("***LC Energy***") free and clear of all liens, claims, encumbrances and other interests; (b) authorizing the Receiver to enter into a stalking horse agreement and approving certain bid protections in connection therewith; (c) approving the form and manner of notice of the sale; (d) approving certain procedures for the filing of claims against LC Energy and the resolution thereof and (e) approving bid procedures for the sale of LC Energy upon the selection of a stalking horse (the "***Procedures Order***").

2.      Should you wish to learn more about LC Energy and bid on its assets, you should contact Richard Saltzman of Houlihan Lokey by telephone at (212) 497-4100 or by email at RSaltzman@HL.com.

3.      **IF YOU BELIEVE YOU HOLD A CLAIM (DEFINED BELOW) DIRECTLY AGAINST LC ENERGY, THE DEADLINE FOR FILING A CLAIM IS [_____], 2019 AT 5:00 P.M. (ET) (THE "*LC ENERGY CLAIMS BAR DATE*").**

4.      If you believe you have (1) a claim to a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, mature, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, *against LC Energy and/ or its assets* or (2) a claim to a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, *against LC Energy and/ or its assets* (together, a "*Claim*"), you **must** file a Claim by the LC Energy Claims Bar Date as set forth below.

5.      **THERE WILL BE A SEPARATE CLAIMS BAR DATE FOR CLAIMS AGAINST THE RECEIVERSHIP ENTITIES AS OPPOSED TO AGAINST LC ENERGY. ACCORDINGLY, YOU SHOULD <u>NOT</u> FILE A CLAIM IF YOU DO NOT BELIEVE YOU HAVE A CLAIM DIRECTLY AGAINST LC ENERGY.**

6.      Any Claim asserted against LC Energy must be served via electronic and regular mail so that it is **<u>actually</u> <u>received</u>** by the LC Energy Claims Bar Date  on:  (i) Erik Weinick, Esq., Otterbourg, P.C., 230 Park Avenue, New York, NY 10169, Email: eweinick@otterbourg.com and (ii) Brent Weisenberg, Esq., Platinum Partners, 230 Park Avenue, Third Floor West, Suite 323, New York, NY 10169, Email:  bweisenberg@platinumlp.com.  Any Claim being asserted must state the Claim amount, state with specificity the basis for the Claim and provide all documentation in support thereof.  Such documentation may include but is not limited to:  copies of all agreements, promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mechanic's liens, mortgages, security agreements, evidence of perfection of lien and other documents evidencing the amount and basis of the claim.  If such supporting documentation is not available, the claimant must attach to the Claim an explanation of why the documentation is unavailable.

7.      **Any claimant who is required to submit a Claim, but fails to do so by the LC Energy Claims Bar Date, shall be forever barred, estopped, and enjoined to the fullest extent allowed by applicable law from asserting, in any manner, such Claim against LC Energy and its successors, agents, assigns, officers, directors, shareholders, employees and representatives and its property; shall not be permitted to object to any distribution plan proposed by the Receiver on account of such Claim; shall be denied any distributions under any distribution plan implemented by the Receiver on account of such Claim; and shall not receive any further notices on account of such Claim.  Further, if a claimant is required to submit a Claim but fails to do so by the LC Energy Claims Bar Date, then LC**

**Energy and its successors, agents, assigns, officers, directors, shareholders, employees and representatives and its property will be, and hereby are, discharged from all indebtedness or liability with respect to such Claim.**

8.     THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST LC ENERGY OR THAT THE RECEIVER OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.

9.     If you have any questions relating to this Notice, please feel free to contact the Receiver by emailing her at platinumreceiver@otterbourg.com.

Dated: _____, 2019

**OTTERBOURG P.C.**

By:     /s/_____
        Adam C. Silverstein
        Erik B. Weinick
        230 Park Avenue
        New York, New York 10169
        Tel.:  (212) 661-9100
        Fax:  (212) 682-6104
        asilverstein@otterbourg.com
        eweinick@otterbourg.com

        *Attorneys for Melanie L. Cyganowski, as Receiver*

**Exhibit 3 to Procedures Order**

**Publication Notice**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

SECURITIES AND EXCHANGE       :
COMMISSION,       :
       Plaintiff,       :
   -v-       :
       :
PLATINUM MANAGEMENT (NY) LLC;  :      No. 16-cv-6848 (BMC)
PLATINUM CREDIT MANAGEMENT, L.P.;  :
MARK NORDLICHT;       :
DAVID LEVY;       :
DANIEL SMALL;       :
URI LANDESMAN;       :
JOSEPH MANN;       :
JOSEPH SANFILIPPO; and       :
JEFFREY SHULSE,       :
       :
       Defendants.       :

---------------------------------------------------------x

## NOTICE OF THE (I) PROPOSED SALE OF THE RECEIVERSHIP'S RIGHTS IN AND TO LC ENERGY OPERATIONS LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (II) PROCEDURES FOR THE FILING OF CLAIMS AGAINST LC ENERGY AND/ OR ITS ASSETS AND THE <u>RESOLUTION THEREOF</u>

**PLEASE TAKE NOTICE** that on January [____], 2010, the United States District Court for the Eastern District of New York (the "***Court***") entered an order (I) (a) authorizing Melanie L. Cyganowski, as Receiver (the "***Receiver***") for Platinum Credit Management, L.P., Platinum Partners Credit Opportunities Master Fund LP, Platinum Partners Credit Opportunities Fund (TE) LLC, Platinum Partners Credit Opportunities Fund LLC, Platinum Partners Credit Opportunities Fund (BL) LLC, Platinum Liquid Opportunity Management (NY) LLC, Platinum Partners Liquid Opportunity Fund (USA) L.P., Platinum Partners Liquid Opportunity Master Fund L.P., Platinum Partners Credit Opportunities Fund International Ltd and Platinum Partners Credit Opportunities Fund International (A) Ltd (collectively, the "***Receivership Entities***") to sell the Receivership's rights in and to LC Energy Operations LLC and/ or its assets ("***LC Energy***") free and clear of all liens, claims, encumbrances and other interests; (b) authorizing the Receiver to enter into a stalking horse agreement and approving certain bid protections in connection therewith; (c) approving the form and manner of notice of the sale; (d) approving certain procedures for the filing of claims against LC Energy and the resolution thereof and (e) approving bid procedures for the sale of LC Energy upon the selection of a stalking horse (the "***Procedures Order***").

**PLEASE TAKE NOTICE** that if you wish to learn more about LC Energy and bid on its assets, you should contact Richard Saltzman of Houlihan Lokey by telephone at (212) 497-4100 or by email at RSaltzman@HL.com.

**PLEASE TAKE NOTICE THAT IF YOU BELIEVE YOU HOLD A CLAIM (DEFINED BELOW) DIRECTLY AGAINST LC ENERGY, THE DEADLINE FOR FILING A CLAIM IS [_____], 2019 AT 5:00 P.M. (ET) (THE "*LC ENERGY CLAIMS BAR DATE*").**

**PLEASE TAKE NOTICE** that if you believe you have (1) a claim to a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, mature, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, *against LC Energy and/ or its assets* or (2) a claim to a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, *against LC Energy and/ or its assets* (together, a "***Claim***"), you **must** file a Claim by the LC Energy Claims Bar Date as set forth below.

**THERE WILL BE A SEPARATE CLAIMS BAR DATE FOR CLAIMS AGAINST THE RECEIVERSHIP ENTITIES AS OPPOSED TO AGAINST LC ENERGY. ACCORDINGLY, YOU SHOULD <u>NOT</u> FILE A CLAIM IF YOU DO NOT BELIEVE YOU HAVE A CLAIM DIRECTLY AGAINST LC ENERGY.**

**PLEASE TAKE NOTICE** that any Claim asserted against LC Energy must be served via electronic and regular mail so that it is **<u>actually</u> <u>received</u>** by the LC Energy Claims Bar Date on:  (i) Erik Weinick, Esq., Otterbourg, P.C., 230 Park Avenue, New York, NY 10169, Email:  eweinick@otterbourg.com and (ii) Brent Weisenberg, Esq., Platinum Partners, 230 Park Avenue, Third Floor West, Suite 323, New York, NY 10169, Email:  bweisenberg@platinumlp.com.  Any Claim being asserted must state the Claim amount, state with specificity the basis for the Claim and provide all documentation in support thereof.  Such documentation may include but is not limited to:  copies of all agreements, promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mechanic's liens, mortgages, security agreements, evidence of perfection of lien and other documents evidencing the amount and basis of the claim.  If such supporting documentation is not available, the claimant must attach to the Claim an explanation of why the documentation is unavailable.

**PLEASE TAKE NOTICE** that any claimant who is required to submit a Claim, but fails to do so by the LC Energy Claims Bar Date, shall be forever barred, estopped, and enjoined to the fullest extent allowed by applicable law from asserting, in any manner, such Claim against LC Energy and its successors, agents, assigns, officers, directors, shareholders, employees and representatives and its property; shall not be permitted to object to any distribution plan proposed by the Receiver on account of such Claim; shall be

denied any distributions under any distribution plan implemented by the Receiver on account of such Claim; and shall not receive any further notices on account of such Claim. Further, if a claimant is required to submit a Claim but fails to do so by the LC Energy Claims Bar Date, then LC Energy and its successors, agents, assigns, officers, directors, shareholders, employees and representatives and its property will be, and hereby are, discharged from all indebtedness or liability with respect to such Claim.