# EXHIBIT A

## Settlement Agreement

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "**Agreement**") is hereby entered into this 14th day of January, 2020, by and between (1) Melanie L. Cyganowski, in her capacity as the court appointed receiver (the "**Receiver**") for (i) Platinum Partners Credit Opportunities Master Fund LP, (ii) Platinum Partners Credit Opportunities Fund (TE) LLC, (iii) Platinum Partners Credit Opportunities Fund LLC, (iv) Platinum Partners Credit Opportunities Fund International Ltd., (v) Platinum Partners Credit Opportunities Fund International (A) Ltd., (vi) Platinum Partners Credit Opportunities Fund (BL) LLC, (vii) Platinum Credit Management, L.P., (viii) Platinum Liquid Opportunity Management (NY) LLC, (ix) Platinum Partners Liquid Opportunity Fund (USA) L.P. and (x) Platinum Partners Liquid Opportunity Master Fund L.P. (the entities referred to in (i)-(x) of this paragraph shall be collectively referred to as the "**Receivership Entities**") and (2) Schafer and Weiner, PLLC ("**S&W**" and collectively with the Receivership Entities, the "**Parties**" and each a "**Party**").

WHEREAS, the Receivership Entities were placed in receivership (the "**Receivership**" and all assets of the Receivership, the "**Receivership Estate**") by orders of the United States District Court for the Eastern District of New York (the "**Receivership Court**") in the action captioned, *Securities & Exch. Comm'n v. Platinum Mgmt. (NY) LLC, et al.,* 16 Civ. 06848 (BMC) (the "**Action**").

WHEREAS, S&W received $180,000 (the "**Pre-Receivership Fees**") from the Receivership Estate on or about January 6, 2017 as partial payment of what S&W asserted were outstanding pre-Receivership attorneys' fees and expenses owed to it by one or more of the Receivership Entities.

WHEREAS, S&W contends payment of the Pre-Receivership Fees from the Receivership Estate was proper.

WHEREAS, the Receiver contends that the payment of the Pre-Receivership Fees and S&W's acceptance thereof after commencement of the Receivership was improper, and that the Pre-Receivership Fees should be returned to the Receivership Estate.

WHEREAS, S&W filed a fee application (the "**S&W Fee Application**") in the Action (Dkt. No. 326) seeking payment of post-Receivership fees in the amount of $459,729.25 and $29,197.86 in expenses incurred during the Receivership.

WHEREAS, the Receiver objected to the S&W Fee Application and filed a cross-motion in the Action (Dkt. Nos. 328-29) seeking disgorgement of the Pre-Receivership Fees (the "**Cross-Motion**").

WHEREAS, the Securities and Exchange Commission ("**SEC**") also filed an objection to the S&W Fee Application in the Action (Dkt. No. 330).

WHEREAS, discovery, including party and non-party document productions and depositions, was taken in connection with the S&W Fee Application and Cross-Motion.

**WHEREAS**, by Memorandum Decision and Order, entered September 26, 2018 (the "**Order**"), the Receivership Court denied the S&W Fee Application and reserved judgment on the Cross-Motion (Action Dkt. No. 383).

**WHEREAS**, S&W has timely appealed the Order to the United States Court of Appeals for the Second Circuit (the "**Appeal**").

**WHEREAS**, S&W timely submitted a proof of claim in the Receivership for payment of all outstanding fees and expenses it claims are owed to it by the Receivership Estate for pre- and post-Receivership services rendered and expenses incurred (the "**Proof of Claim**").

**WHEREAS**, as a result of the Appeal, the parties hereto and the SEC participated in multiple mediation sessions conducted under the auspices of the Court of Appeals Mediation Program ("**CAMP**") in an effort to resolve their disputes, including all claims the Receiver maintains the Receivership has against S&W;

**WHEREAS**, the CAMP mediation was unsuccessful, and, on October 24, 2019, S&W timely filed a brief and appendix in support of its Appeal;

**WHEREAS**, the Receiver's and SEC's appellee briefs on the Appeal are due to be filed on January 23, 2020;

**WHEREAS**, in connection with the S&W Fee Application and Appeal, the Receivership Estate asserts that it has incurred, and continues to incur, litigation fees and expenses (the "**Receivership Fees and Expenses**"), currently exceeding $300,000, excluding the substantial fees and expenses incurred in the CAMP mediation and negotiating this term sheet;

**NOW, THEREFORE,** the Receiver and S&W, each intending to be legally bound, and in exchange for the mutual covenants and promises set forth herein, agree to settle the S&W Fee Application, Appeal, Cross-Motion and all other claims by and against the other, without admission of liability, as follows:

1. **Required Approval of the Receivership Court.** Except for the terns of paragraph 2 hereof, this Agreement shall not become effective and binding unless and until it is approved by an order, in a form and substance mutually acceptable to both Parties, entered by the Receivership Court (the "**Approval Order**").

2. **When Agreement Voidable or Void.**

    a. The Parties agree to use their best reasonable best efforts to promptly seek and obtain the Receivership Court's approval of this Agreement through the filing of a motion, supporting papers and proposed Approval Order in the Action requesting such relief and which complies with the terms of paragraph 10 below (collectively, the "**Approval Motion**").

    b. In the event that the Approval Motion is denied or the Receivership Court determines to enter an order approving the Agreement that is materially different from the

2

proposed Approval Order submitted with the Approval Motion, then then this Agreement immediately shall be deemed, and shall be, void *ab initio* and of no force and effect, except that the Receiver shall return to S&W the Confessed Judgment provided to the Receiver by S&W pursuant to paragraph 4 hereof.

   c.  In the event that the Approval Order is entered, but later vacated by the Receivership Court or the United States Court of Appeals for the Second Circuit, then this Agreement immediately shall be deemed, and shall be, void *ab initio* and of no force and effect, except that, within seven (7) days after the Approval Motion is denied or the Approval Order is vacated, the Receiver on behalf of the Receivership Estate shall (i) return in good and sufficient funds each Installment that S&W has paid to the Receivership Estate pursuant to paragraph 3 hereof, (ii) if the Confessed Judgment has not been filed yet with the Supreme Court of the State of New York, County of New York ("New York Supreme Court"), return to S&W the Confessed Judgment provided to the Receiver by S&W pursuant to paragraph 4 hereof; and (3) if the Confessed Judgment has been filed with the New York Supreme Court, file a complete satisfaction of judgment with the Clerk of the New York Supreme Court.

   d.  If the Agreement becomes void by any of the circumstances set forth in subparagraphs (b) or (c) of this paragraph 2, then the Parties shall promptly meet and confer in an effort to agree on a process and schedule for resuming litigation of the S&W Fee Application, Appeal and/or Cross-Motion.

   3.  **S&W's Settlement Payment to the Receivership Estate.** In consideration of the terms and conditions set forth herein, and for other and good and valuable consideration, the receipt of which is acknowledged hereby, S&W shall pay to the Receivership Estate, in good and sufficient funds, the sum of Two Hundred Eighty Thousand and Zero Cents ($280,000.00) (the "**Settlement Amount**"), in accordance with the following payment schedule (each payment constituting an "**Installment**"):

    a.  $60,000, (i) if no objection to the Approval Motion is timely filed, within five (5) days after entry of the Approval Order, or (ii) if any objection to the Approval Order is timely filed, on the thirty-first (31st) day after entry of the Approval Order (the date on which the $60,000 payment is made in accordance herewith, the "**First Payment Date**");

    b.  $40,000, within 90 days after the First Payment Date;

    c.  $90,000, by no later than one year after the First Payment Date; and

    d.  $90,000, by no later than two years after the First Payment Date.

Each Installment shall be paid in accordance with written wiring instructions to be provided by the Receiver to S&W (i) at least three business days in advance of the First Payment Date and (ii) if subsequently modified by the Receiver, at least three business days in advance of any Installment payment to be made in accordance with such instruction, and S&W shall verify the authenticity of such instructions orally with the Receiver or her counsel, Erik B. Weinick,

Esq., prior to wiring the Installment. Upon receipt of each Installment, the Receiver shall deliver to S&W notice of receipt of payment of the Installment.

4. **Confessed Judgment.** Contemporaneously with the execution of this Agreement, S&W shall deliver to the Receiver an affidavit of confession of judgment (the "**Confessed Judgment**") in the form and substance of Exhibit A hereto. The Confessed Judgment shall be held in escrow by the Receiver or her counsel, unless and until S&W defaults on the timely payment of any Installment in accordance with paragraph 3 hereof and has not cured such default in accordance with paragraph 5 hereof.

5. **Default on Timely Payment of Any Installment.** In the event S&W fails to timely pay any Installment in accordance with paragraph 3 hereof, time being of the essence, the Receiver at any time thereafter may deliver to S&W a written notice of default (the "**Default Notice**"). If S&W does not cure the default by paying the Installment within 10 days after the delivery of the Default Notice, then: (a) all Installments not yet paid shall immediately become due and payable, without any further action by the Receiver and notwithstanding any contrary provision in paragraph 3 hereof; (b) interest on all unpaid Installments shall become immediately due and payable, without any further action by the Receiver and notwithstanding any contrary provision in this Agreement, and such interest shall be deemed to have begun to accrue at the rate of 9% per annum (calculated based upon a 365-day year) from the date the Approval Order is entered through the date when the Settlement Amount, plus applicable interest, is paid in full; (c) S&W agrees to pay to the Receiver on behalf of the Receivership Estate the litigation fees and expenses that the Receivership Estate has incurred, and continues to incur, in connection with the S&W Fee Application, Cross-Motion and Appeal, excluding the substantial fees and expenses incurred in the CAMP mediation and negotiating the term sheet and this Agreement, currently in the estimated approximate amount of $275,000; and (d) (i) the Receiver shall have the right, but not the obligation, to file the Confessed Judgment in the New York Supreme Court, to which jurisdiction S&W submits for all purposes related to the filing and enforcement of the Confessed Judgment; (ii) S&W agrees that all amounts accurately stated in the Confessed Judgment as being due and owing by S&W to the Receiver are due and owing by S&W to the Receiver; and (iii) S&W authorizes the Receiver to fill in with accurate information the blank date(s) and amount(s) not yet known as of the execution of this Agreement, including the date when the Approval Order is entered, the amount of accrued interest on all unpaid Installments running from the entry of the Approval Order, and the then current total of the litigation fees and expenses that S&W has agreed to pay in paragraph 5(c), and to file the Confessed Judgment on S&W's behalf in the New York Supreme Court. On behalf of the Receivership, the Receiver represents and warrants that any dates or amounts that she, or any of her attorneys or representatives, may insert into the Confessed Judgment to be filed with the New York Supreme Court will be accurate as of the date the Confessed Judgment is filed.

6. **Appeal to the United States Court of Appeals for the Second Circuit.** Promptly after execution of this Agreement, the Parties shall jointly notify the United States Court of Appeals for the Second Circuit (the "Second Circuit") that the Appeal has been settled, subject to approval by the Receivership Court, and jointly request a stay of the briefing schedule. Within seven (7) days after entry of the Approval Order, S&W shall file a motion, or such other papers as may be necessary or appropriate, to withdraw, voluntarily dismiss or otherwise

4

terminate the Appeal; and the Receiver, or her counsel, shall execute any papers prepared by S&W necessary or appropriate to enable S&W to withdraw, voluntarily dismiss or otherwise terminate the Appeal.

7. **Return of the Confessed Judgment.** Upon receipt of the Settlement Amount timely paid in full in good and sufficient funds in accordance with the terms of paragraph 3 hereof, the Receiver shall return to S&W the unfiled Confessed Judgment within five (5) business days.

8. **Releases.**

(a) Upon the thirty-first (31st) day following entry of the Approval Order, the Receiver, on behalf of herself in her capacity as Receiver and on behalf of the Receivership Estate and each of the Receivership Entities, hereby releases, discharges and covenants not to sue S&W and its partners, shareholders, members, employees, agents and representatives, from and for all actions, causes of action, suits, claims, and demands whatsoever for, upon, or by reason of any matter, cause or thing which in any way arises from or relates to S&W's representation of the Receivership Estate or any of the Receivership Entities, from the beginning of the world to the day and date of this Agreement. Notwithstanding the foregoing, nothing in this Agreement shall waive or release any claims by the Receiver for any payments or performance due from S&W under this Agreement and/or the Confessed Judgment.

(b) Upon the thirty-first (31st) day following entry of the Approval Order, S&W, for itself and its partners, shareholders, members, employees, agents and representatives, hereby releases, discharges and covenants not to sue the Receiver, in her capacity as Receiver, the Receivership Estate or each of the Receivership Entities from and for all actions, causes of action, suits, claims, and demands whatsoever for, upon, or by reason of any matter, cause or thing which in any way arises from or relates to S&W's representation of the Receivership Estate or any of the Receivership Entities, from the beginning of the world to the day and date of this Agreement. Notwithstanding the foregoing, nothing in this Agreement shall waive or release any claims by S&W for any payments or performance due from the Receiver under this Agreement.

9. **Injunction Preventing Further Lawsuits.** The Parties agree that it is an essential basis of the bargain of this Agreement, and that the Parties shall indicate to the Receivership Court in the Approval Motion that it is an essential basis of the bargain of this Agreement, that the Approval Order contain an injunction preventing (i) each of the Receiver and Receivership Estate from filing or pursuing any claim, and (ii) the SEC from filing or pursuing any monetary claim, against S&W, its partners, shareholders, members, employees, agents and representatives for damage to the Receivership Estate which in any way arises from or relates to S&W's representation of the Receivership Estate or any of the Receivership Entities. Notwithstanding the foregoing or anything to the contrary in this Agreement or the Approval Order that is entered, the Approval Order shall not bar the Receiver from asserting any claim for payments or performance due from S&W under this Agreement and/or the Confessed Judgment.

5

10. **SEC's Approval of Settlement.** The Receiver represents and warrants that (i) the SEC will indicate on the record its support of this Agreement, the relief requested in the Approval Motion and the Receivership Court's entry of the Approval Order, and (ii) the SEC will not take any action inconsistent with the support represented and warranted in subparagraph (i) of paragraph 11.

11. **Agreement Subject to FRE 408.** This Agreement shall be deemed to fall within the broadest protections afforded compromises and offers to compromise by Rule 408 of the Federal Rules of Evidence and any comparable or similar provisions of state law. Neither this Agreement, nor the fact of its existence, nor any terms hereof, nor any negotiations had or actions taken with respect to or under this Agreement, shall be offered or received in evidence in any case or proceeding involving the Receiver, the Receivership Estate, any of the Receivership Entities, S&W or any other party released pursuant to the provisions of this Agreement in any court, tribunal or administrative agency to prove liability. Nothing herein is intended to limit the parties hereto from utilizing this Agreement to implement and enforce its provisions.

12. **Representations and Warranties.** Each Party represents and warrants that: (i) she or it has been represented by counsel in connection with this Agreement and is executing this Agreement with full knowledge and understanding of its terms; (ii) her or its signatory has full authority to execute the Agreement on her or its behalf and to bind herself or itself to the Agreement by execution hereof; (iii) each Party has obtained, or will obtain in the Approval Order, all necessary legal approvals to enter into, and bind herself or itself to, this Agreement; (iv) the execution and delivery of this Agreement will not violate any agreement, court order, administrative order of any governmental entity, or any law or governmental regulation; and (v) she or it has not sold, assigned or otherwise transferred to any person any of her or its rights with respect to the claims released in this Agreement. All representations and warranties set forth in this Agreement shall survive both its execution and entry of the Approval Order.

13. **Attorney's Fees.** Any Party required to take steps to enforce the terms of this Agreement as a result of the other Party's non-performance shall be entitled to reimbursement by the other Party of that Party's costs, including reasonable attorneys' fees and expenses, in connection therewith.

14. **Miscellaneous.**

   a. **Notice.** All notices and other communications given and made pursuant to this Agreement shall be in writing and shall be deemed delivered: (a) upon personal delivery to the Party to be noticed; (b) upon delivery by electronic mail or facsimile when confirmed by the recipient, if sent during normal business hours of the recipient, and if not so confirmed or not during normal business hours of the recipient, then on the next business day; or (c) when sent by Federal Express or comparable overnight courier, one business day after delivering the letter or package to Federal Express or comparable overnight courier service

6

If to the Receiver:

Otterbourg P.C.
Attn: Adam C. Silverstein, Esq.
Erik B. Weinick, Esq.
230 Park Avenue
New York, New York 10169
acsilverstein@otterbourg.com
eweinick@otterbourg.com

-and-

Platinum Partners
Attn: Brent Weisenberg, Esq.
230 Park Avenue, Third Floor West, Suite 323
New York, New York 10169
bweisenberg@platinumlp.com

If to S&W:

Hon. Steven W. Rhodes (Ret.)
1610 Arborview Boulevard
Ann Arbor, MI 48103
rhodessw@comcast.net

Schafer and Weiner, PLLC
Attn: Daniel J. Weiner, Esq.
40950 Woodward, Avenue, Ste. 100
Bloomfield Hills, MI 48304
dweiner@schaferandweiner.com

      b.    **Venue and Choice of Law.** Except with respect to filing and enforcing the Confessed Judgment, the Parties consent and submit to the exclusive jurisdiction of the Receivership Court with respect to any actions or proceedings relating to the enforcement or interpretation of this Agreement, and any Party bringing an action or proceeding relating to the enforcement or interpretation of this Agreement shall bring such action or proceeding in the Receivership Court. This Agreement and all claims and disputes arising out of or in connection with this Agreement, shall be governed by and construed in accordance with the laws of the State of New York, without regard to choice of law principles. Each of the Parties hereto hereby waives any right to a trial by jury in any action, proceeding or counterclaim based upon or arising out of this Agreement or any of the transactions related hereto, and agrees that any such action, proceeding or counterclaim shall be tried before a court and not before a jury.

      c.    **Entire Agreement.** This Agreement constitutes the entire and only agreement of the Parties concerning the subject matter hereof. This Agreement supersedes and

replaces any and all prior or contemporaneous verbal or written agreements or understandings between the Parties concerning the subject matter hereof, including, but not limited to, any term sheets exchanged prior to the execution of this Agreement. The Parties acknowledge that this Agreement is not being executed in reliance on any verbal or written agreement, promise or representation not contained herein.

  d. **No Oral Modifications.** This Agreement may be modified or amended only by a writing signed by a duly authorized representative of each of the Parties hereto. No waiver of any breach of any term or provision of this Agreement shall be construed as a waiver of any subsequent breach.

  e. **Construction.** This Agreement constitutes a fully negotiated agreement among commercially sophisticated parties and therefore shall not be construed or interpreted for or against any Party, and any rule or maxim of construction to such effect shall not apply to this Agreement.

  f. **Headings.** The headings in this Agreement are intended only for convenience and shall not be construed to be or interpreted as a part, or limitation on the scope, of any term in this Agreement.

  g. **Binding Effect; Successor and Assigns.** This Agreement shall inure to the benefit of and be binding upon the Parties and their respective successors and permitted assigns; provided, that no Party may assign its rights or obligations under this Agreement without the written consent of the other Party, which consent shall not be unreasonably withheld or delayed, and any assignment not in accordance with the terms hereof shall be null and void *ab initio*.

  h. **Costs.** Each Party shall bear her or its own costs in connection with the negotiation and execution of this Agreement and the transactions contemplated hereunder.

  i. **Severability.** If any portion or portions of this Agreement or any document executed in connection herewith are held by a court of competent jurisdiction to conflict with any federal, state or local law, and as a result such portion or portions are declared to be invalid and of no force or effect in such jurisdiction, all remaining provisions of this Agreement or any document executed herewith shall otherwise remain in full force and effect and be construed as if such invalid portion or portions has not been included herein.

  j. **Further Assurances.** The Parties each agree to execute such further and additional documents, instruments and writings as may be reasonably necessary, proper, required, desirable or convenient for the purpose of fully effectuating the terms and provisions of this Agreement.

  k. **Counterparts.** This Agreement may be executed in counterparts, each of which constitutes an original, and all of which, collectively, constitute only one agreement. The signatures of all of the Parties need not appear on the same counterpart.

l.  **PDFs as Originals**. This Agreement may be executed using facsimile or PDF signatures, with the same effect as if the signatures were original. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect of the original thereof.

**IN WITNESS WHEREOF,** the Parties have executed this Settlement Agreement as of the date set forth above.

[SIGNATURE PAGES TO FOLLOW]

MELANIE L. CYGANOWSKI, in her capacity as the court-appointed receiver for (i) Platinum Partners Credit Opportunities Master Fund LP, (ii) Platinum Partners Credit Opportunities Fund (TE) LLC, (iii) Platinum Partners Credit Opportunities Fund LLC, (iv) Platinum Partners Credit Opportunities Fund International Ltd, (v) Platinum Partners Credit Opportunities Fund International (A) Ltd, (vi) Platinum Partners Credit Opportunities Fund (BL) LLC, (vii) Platinum Credit Management, L.P., (viii) Platinum Liquid Opportunity Management (NY) LLC, (ix) Platinum Partners Liquid Opportunity Fund (USA) L.P. and (x) Platinum Partners Liquid Opportunity Master Fund L.P.

SCHAFER AND WEINER, PLLC

DATED: January 15, 2020

By: *(signature)*

Name: MELANIE CYGANOWSKI
as Receiver

DATED: January __, 2020

By: _____

Name: _____

Title: _____

| | |
|---|---|
| **MELANIE L. CYGANOWSKI, in her capacity as the court-appointed receiver for** (i) Platinum Partners Credit Opportunities Master Fund LP, (ii) Platinum Partners Credit Opportunities Fund (TE) LLC, (iii) Platinum Partners Credit Opportunities Fund LLC, (iv) Platinum Partners Credit Opportunities Fund International Ltd, (v) Platinum Partners Credit Opportunities Fund International (A) Ltd, (vi) Platinum Partners Credit Opportunities Fund (BL) LLC, (vii) Platinum Credit Management, L.P., (viii) Platinum Liquid Opportunity Management (NY) LLC, (ix) Platinum Partners Liquid Opportunity Fund (USA) L.P. and (x) Platinum Partners Liquid Opportunity Master Fund L.P. | **SCHAFER AND WEINER, PLLC** |

DATED: January __, 2020

By: _____

Name: _____

DATED: January 14, 2020

By: /s/ Daniel J. Weiner

Name: DANIEL J. WEINER

Title: PARTNER

10

*EXECUTION VERSION*

EXHIBIT A
(Affidavit of Confession of Judgment)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------- X
MELANIE L. CYGANOWSKI, AS RECEIVER FOR  : Index No.
PLATINUM PARTNERS CREDIT OPPORTUNITIES  :
MASTER FUND LP, PLATINUM PARTNERS CREDIT :
OPPORTUNITIES FUND (TE) LLC, PLATINUM   :
PARTNERS CREDIT OPPORTUNITIES FUND LLC, : **AFFIDAVIT FOR**
PLATINUM PARTNERS CREDIT OPPORTUNITIES  : **CONFESSION OF**
FUND INTERNATIONAL LTD, PLATINUM        : **JUDGMENT**
PARTNERS CREDIT OPPORTUNITIES FUND      :
INTERNATIONAL (A) LTD, PLATINUM PARTNERS :
CREDIT OPPORTUNITIES FUND (BL) LLC,     :
PLATINUM CREDIT MANAGEMENT, L.P.,       :
PLATINUM LIQUID OPPORTUNITY MANAGEMENT  :
(NY) LLC, PLATINUM PARTNERS LIQUID      :
OPPORTUNITY FUND (USA) L.P. AND PLATINUM :
PARTNERS LIQUID OPPORTUNITY MASTER FUND :
L.P.,                                   :
                                        :
                          Plaintiff,    :
                                        :
       - against -                      :
                                        :
SCHAFER & WEINER, PLLC,                 :
                                        :
                          Defendant.    :
---------------------------------------------------------------------- X

STATE OF MICHIGAN   )
                    ) ss:
COUNTY OF OAKLAND   )

DANIEL J. WEINER, being duly sworn, deposes and says:

1. I am a Co-Founder and Senior Partner of Schafer & Weiner, PLLC ("S&W"), and am duly authorized by S&W to execute this Affidavit of Confession of Judgment on its behalf (the "Confession of Judgment").

2. On behalf of S&W, I hereby confess judgment herein and authorize the entry thereof in favor of Melanie L. Cyganowski (the "Receiver"), as court-appointed receiver for

1

Platinum Partners Credit Opportunities Master Fund LP, Platinum Partners Credit Opportunities Fund (TE) LLC, Platinum Partners Credit Opportunities Fund LLC, Platinum Partners Credit Opportunities Fund International Ltd, Platinum Partners Credit Opportunities Fund International (A) Ltd, Platinum Partners Credit Opportunities Fund (BL) LLC, Platinum Credit Management, L.P., Platinum Liquid Opportunity Management (NY) LLC, Platinum Partners Liquid Opportunity Fund (USA) L.P. and Platinum Partners Liquid Opportunity Master Fund L.P. (collectively, the "Receivership Entities") and against S&W, in the County of New York in the sum of $_____, equal to $280,000.00 minus any payments made to the Receiver by or behalf of S&W pursuant to a Settlement Agreement between the Receiver and S&W, dated as of January \_\_, 2020 (the "Settlement Agreement"), plus (i) interest on such amount at the rate of 9% per annum running from _____ and (ii) attorneys' fees and expenses incurred by the Receiver and agreed to be reimbursed by S&W in the amount of $_____.

    3. This Confession of Judgment is for an obligation in an amount certain due to the Receiver under the following facts:

        (a) The Receiver and S&W duly entered into the Settlement Agreement, whereby S&W, among other things, (i) agreed to pay to the Receiver the sum of Two Hundred Eighty Thousand Dollars and Zero Cents ($280,000.00) in good and sufficient funds, paid via multiple installments of between $40,000 and $90,000, inclusive, beginning on the 31st day following the entry of an order by the United States District Court for the Eastern District of New York approving the Settlement Agreement, which order was entered on _____, and ending two years later on _____.

The Settlement Agreement further provides that upon S&W's default under the Settlement Agreement by failing to make any installment payment in accordance with the provisions of the Settlement Agreement, then, upon S&W's failure to cure the default within 10 days following the Receiver's delivery of written notice of default, the Receiver may file this Confession of Judgment and seek entry of a Judgment against S&W in the amount of $_____, equal to $280,000, minus the installment payments received by the Receiver in good and sufficient funds pursuant to the Settlement Agreement, plus (i) interest thereon at the rate of 9% per annum running from _____, and (ii) attorneys' fees and expenses due and owing to the Receiver in the amount of $_____.

(b) On _____, S&W failed to make an installment payment in accordance with the provisions of the Settlement Agreement. On _____, the Receiver delivered written notice of default in accordance with the terms of the Settlement Agreement. S&W failed to cure the default within 10 days thereafter.

4. This Confession of Judgment is not for the purpose of securing the Receiver against a contingent liability.

5. This Confession of Judgment is solely against S&W, on whose behalf I am authorized to confess judgment, and no other parties.

6. This affidavit is not made in connection with an agreement for the purchase of $1,500 or less of any commodities for any use other than a commercial or business use upon any deferred plan of payments whereby the price or cost is payable in two or more installments.

7. S&W consents to the jurisdiction of the Supreme Court of the State of New York, County of New York for all purposes relating to the filing and/or enforcement of this Confessed Judgment or any judgment entered by the court in connection therewith.

_____
DANIEL J. WEINER

Sworn to before me this _____ day of _____ 2020

_____
NOTARY PUBLIC

4