```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
    SECURITES AND EXCHANGE                                  :
    COMMISSION,                                             :    ORDER
                                                            :
                           Plaintiff,                       :    16-CV-6848 (BMC)
                                                            :
                    - against -                             :
                                                            :
    PLATINUM MANAGEMENT (NY) LLC;                           :
    PLATINUM CREDIT MANAGEMENT, L.P.;                       :
    MARK NORDLICHT; DAVID LEVY;                             :
    DANIEL SMALL; URI LANDESMAN;                            :
    JOSEPH MANN; JOSEPH SANFILIPPO; and                     :
    JEFFREY SHULSE,                                         :
                                                            :
                           Defendants.                      :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Mr. Small seeks an advance of $120,000 from the Court-appointed receiver (the "Receiver") to cover a portion of his legal fees. Mr. Small maintains that the Operating Agreement for Credit Funding, LLC ("the Credit Funding Agreement") requires the Receiver to advance this pro rata portion of his legal fees to prepare for his upcoming trial. I disagree.

My November 25, 2018, order observed that:

> Because the Sixth Amendment does not compel the advancement of legal fees, granting the former officers priority over the claims of unsecured creditors would not only disregard established Delaware law but also interfere with the orderly wind up of the Receivership Entities. Thus, the former officers' rights to advancement of legal fees do not have priority over the claims of unsecured creditors.

That reasoning still applies with equal force here. Since that order, the PPCO estate has largely been liquidated, but not distributed. As a result, the total amount of allowed unsecured claims is not yet finalized due to pending settlements with certain creditors and a need to hear from

investors at the plan confirmation stage. Mr. Small can seek reimbursement for his attorney's fees as the Receiver's plan proceeds to confirmation, and then be reimbursed when the funds are distributed. But prior to that point, any advance would be premature and <u>de facto</u> permit Mr. Small to jump the line.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
       May 31, 2022

2